[Crim. No. 2380.   Third Dist.   Dec. 8, 1952.]

THE PEOPLE, Respondent, v. ERVIN ROHE, Appellant.

Duard F. Geis, Bruce H. Thomas and Ned C. Tucker for Appellant.

Edmund G. Brown, Attorney General, and Gail A. Strader, Deputy Attorney General, for Respondent.

PEEK, J.—This is an appeal by defendant from a judgment convicting him of certain violations of the Agricultural Code and from an order denying .his motion for a new trial.

The information was in two counts. Count One charged a violation of section 1269 of the Agricultural Code, in that defendant, in Glenn County, knowingly employed an agent, one Dunkle, without causing said agent to comply with the licensing requirements of chapter 6, division 6 of said code. Count Two charged him with violation of section 1273 of said code, in that he failed to account and make settlement

for a quantity of hay purchased from one Millar in said county. Defendant's demurrer was overruled as was his motion for dismissal. He then pleaded not guilty, and following a trial upon both counts was found guilty of the crimes as charged.

During all of the times pertinent herein defendant was a hay and grain dealer licensed under the provisions of said chapter 6, division 6 of said code, and had his principal place of business in the city of Hollister, San Benito County. Dunkle, who was not licensed as required by said code, acted as defendant's agent in the purchase of some hay from one Millar in Glenn County. Pursuant to the contract made by Dunkle with Millar approximately 165 tons of hay were delivered to the Rohe Hay and Grain Company, being picked up in Glenn County by trucks belonging to said company. Although Millar received slips from the truck drivers for each of the 14 loads of hay taken it appears that he received only two weight certificates representing two loads weighed at his request in Butte City and that the remaining loads were weighed in Willows under the supervision of one Lowe, a hay dealer in that city. The terms of payment as provided in the contract were "net cash not later than fifteen days after movement." However, Millar received nothing from defendant. Subsequently he received a small sum of money from the State of California, representing the obligation under defendant's bond with the state. Sometime thereafter he received an itemized statement of the amount owing him by defendant. The correctness of this statement is not challenged. Upon the facts so presented the jury found the defendant guilty as charged, and the court, in pronouncing judgment, ordered that the terms of conviction on each count should run concurrently.

Defendant first contends that Glenn County lacked jurisdiction to try the case for the reason that the offense was not committed in that county but in the county in which the specific act of hiring Dunkle took place. This is true, he argues, because the crime with which defendant is charged was complete when defendant hired Dunkle as his agent and hence the venue could only be in the county where such hiring took place. With respect to venue, section 1273 of the Agricultural Code provides in part that prosecutions arising by virtue of the provisions of that chapter may be tried "within the county in which the violation of this chap-

ter occurred." Furthermore Penal Code, section 781, provides, "When a public offense is committed in part in one county and in part in another . . . the jurisdiction is in either county." The essence of the offense here charged consists in defendant's employment of Dunkle to act for him without first having secured the necessary license. Necessarily that employment included actions of Dunkle in Glenn County as well as the act of hiring which apparently took place in San Benito County. Therefore it cannot be said that Glenn County lacked jurisdiction to try the case.

Appellant's second contention is that the complaint did not state a public offense, since section 1269 of said code, upon which it was predicated, is ambiguous. In support thereof he contends that said section was not intended to nor did it attempt to define criminal offenses under the act but merely listed the grounds upon which a license under said chapter of the act might be denied, revoked or suspended. In this defendant has overlooked a further provision of said section. In addition to giving the Director of Agriculture the right to refuse to grant a license or to revoke the same upon the grounds set forth in said section, it is provided that "the existence of which [facts] is hereby declared to be a violation of this chapter."

Appellant also contends that the trial court erred in admitting evidence of a subsequent purchase of hay by Dunkle under similar circumstances. Since it is not denied that Dunkle did purchase the hay from Millar for the Rohe Hay and Grain Company and that payment was not made to the farmers pursuant to the contract of purchase therefor, any discussion concerning the admissibility of such evidence is wholly academic, and hence under the admitted circumstances, it could not have affected the conclusion reached by the jury upon Count One.

Defendant also contends that the trial court erred in denying his motion to dismiss the information on the grounds of insufficiency of the evidence at the preliminary examination. Even though, as respondent contends, the record of the preliminary examination was not admitted in evidence at the trial in the superior court and hence is not properly a part of the record on appeal, said record is now before this court and we have examined the same and find no merit in such contention by defendant.

Lastly it is defendant's contention that his conviction under

Count Two violated section 15 of article I of the Constitution of this state which provides that "No person shall be imprisoned for debt in any civil action, or mesne or final process, unless in cases of fraud, nor in civil actions for torts, except in cases for wilful injury to person or property." His argument in support of this contention is that since neither fraud nor wilfulness are made elements of the crime charged there can be no basis for his imprisonment.

Section 1273 of the Agricultural Code, which is the basis of the second count, provides in part as follows: "(1) [Misdemeanors.] Any person is guilty of a misdemeanor and is punishable by a fine of not more than one thousand dollars ($1,000), or by imprisonment in the county jail for not more than one year or by both who assumes or attempts to act or acts as a commission merchant, dealer, broker, cash buyer, or agent without a license, or who: . . . (b) Fails to account promptly, correctly, fully and properly and to make settlement therefor as herein provided." The last three words thereof, "as herein provided" apparently refer to section 1272, wherein it is provided in part:

"Every dealer must pay for farm products delivered to him or it at the time and in the manner specified in the contract with the producer, but if no time is set by such contract, or at the time of said delivery, then within thirty days from the delivery or taking possession of such farm products."

Respondent's argument in answer to defendant's contention is to the effect that while a statute which subjects one to criminal prosecution for failure to pay for farm products might possibly violate the constitutional provision here in question, yet, when such failure to pay is coupled with the further provision such as in the present case where failure to account is included with failure to pay, then the constitutional prohibition does not attach. Nothing more is said by respondent nor has it cited any authority either directly or indirectly in support of such argument.

The exceptions noted in the constitutional provision may be grouped in four general classifications as stated in Witkin's Summary of California Law, sixth edition, volume 2, page 1078, the first includes certain types of services which may be made compulsory, e.g., service in the armed forces. The second [and this apparently is the class within which respondent attempts to bring the present proceeding] con-

610

templates those situations in which there exist not only the act of nonpayment of a debt but other elements as well, such as the refusal to pay alimony, which is punishable by imprisonment, not for the failure to pay the obligation but for the failure to comply with court order, and hence punishable as a contempt. The third includes those cases where a debtor has been guilty of fraud or wilfulness in obtaining money or credit which he owes. The fourth and final classification is illustrated by the recent case of *In re Trombley*, 31 Cal.2d 801 [193 P.2d 734], which contemplates the situation where an employer by use of his superior economic position takes an unconscionable advantage of an employee and hence comes within the fraud exception.

■ There can be no question but that ''the power to prescribe punishment in a criminal case may not be used to defeat the constitutional guaranty against imprisonment for debt.'' (*In re Trombley, supra,* at p. 805.) ■ Nor will the courts ''permit the purposes of the constitutional provision forbidding imprisonment for debt to be circumvented by mere form, and, accordingly, statutes declaring the nonpayment of an obligation to be a crime are examined in the light of this provision, and their validity is dependent upon whether the legislative objective is consistent with the constitutional guaranty.'' (*In re Trombley, supra,* at p. 804.)

■ In the instant case the defendant, in Count Two of the information, was charged in the language of section 1273, subsection (b) of the Agricultural Code with ''failing to account promptly, correctly, fully and properly and to make settlement therefor.'' Said section contains no provision expressly requiring an intent to defraud as an essential element of the crime charged and hence is not within the constitutional exception. (See *People* v. *Perry,* 212 Cal. 186 [298 P. 19, 76 A.L.R. 1331].) Nor does said section contain any provision requiring wilful refusal to pay as an element of the crime charged, thereby bringing the act denounced by the section within the fraud exception of the Constitution. (See *In re Trombley, supra.*)

All that was involved in the transaction which forms the basis of the alleged criminal act set forth in Count Two was a simple contract between two parties, one to sell and the other to buy, some hay. The only feature which distinguishes this transaction from thousands of others occurring daily is that in this case the buyer, instead of being named a de-

fendant in a civil action for his failure to pay, was made the defendant in a criminal action and sentenced to six months in the county jail for his failure to pay. Under such circumstances no clearer case could be presented for the imposition of the constitutional guaranty against imprisonment for debt.

The judgment as to Count One is affirmed and the judgment as to Count Two is reversed.

Van Dyke, J., and Schottky, J. pro tem., concurred.

Appellant's and respondent's petitions for a hearing by the Supreme Court were denied January 5, 1953.