[Crim. No. 5087. Second Dist., Div. Two. Sept. 29, 1954.]

THE PEOPLE, Respondent, v. JACK ROBERT WAID, Appellant.

Richard E. Erwin, under appointment by District Court of Appeal, for Appellant.

Edmund G. Brown, Attorney General, and Victor A. Gables, Deputy Attorney General, for Respondent.

MOORE, P. J.—After having been convicted of violating section 4573.5 of the Penal Code,* appellant filed a motion to annul, vacate and set aside the judgment on the grounds that (1) the trial court was without jurisdiction over the subject matter or the person of the accused; (2) jurisdiction to proceed was never properly established, since he was not tried in San Bernardino County where the offense of bringing the forbidden drugs into a state prison was consummated. From the order denying such motion comes this appeal. He seeks a reversal on two grounds, to wit, (1) the information was insufficient; (2) the Superior Court of Los Angeles County did not have jurisdiction to try the offense charged in the information.

### SUFFICIENCY OF THE PLEADING

Appellant contends that "where an act, though committed without the local jurisdiction of the County, is triable therein," it is necessary to allege in the information the existence of facts that bring the case within the exception, thus alleging jurisdiction in the county wherein the information is filed. The answers to such contention are two: (1) the information complies with section 959 of the Penal Code. Its allegations declare that the offense was committed in Los Angeles County. ■ There is no fatal variance where the pleading alleges the commission of a crime in one county even though the evidence proves the crime was committed by a series of acts, some of which were done in one county and some in another. (*People* v. *De Martini*, 25 Cal.App. 9, 10 [142 P. 898].) ■ (2) The sufficiency of a pleading is a matter of substance, not of form. Such a question must be raised by demurrer. ■ Since the accused failed to demur, he cannot on appeal for the first time make an issue of whether the pleading is sufficient. (*People* v. *Schoeller*, 96 Cal.App.2d

---

*"Any person who brings into any state prison or other institution under the jurisdiction of the Department of Corrections, or into any prison camp, prison farm, or any other place where prisoners or inmates of such institutions are located under the custody of prison or institution officials, officers, or employees, or into any county, city and county or city jail, road camp, farm or any other institution or place where prisoners or inmates are being held under the custody of any sheriff, chief of police, peace officer, probation officer, or employees, or within the grounds belonging to any such institution or place, any drugs, other than narcotics, in any manner, shape, form, dispenser or container, without having authority so to do by the rules of the Department of Corrections, the rules of the prison, institution, camp, farm, place, or jail, or by the specific authorization of the warden, superintendent, jailer, or other person in charge of the prison, jail, institution, camp, farm, or place is guilty of a felony."

61, 62 [214 P.2d 565].) Especially is this true in view of the fact that the entire record discloses no miscarriage of justice. (Const., art VI, § 4½.)

### THE COURT BELOW HAD JURISDICTION

Conceding that the court below had jurisdiction to entertain the motion to annul the judgment, there was no error in the denial of the motion.

"When a public offense is committed in part in one county and in part in another, or the acts . . . requisite to the consummation of the offense occur in two or more counties, the jurisdiction is in either county." (Pen. Code, § 781.)

█ Time was when, if a crime consisted of a series of acts, a number of which were done in one county and one or more done in another, prosecution for the offense would fail unless such a number of the series of acts occurred in one of the counties as would constitute a complete offense. Section 781, *supra,* was conceived for the purpose of extending the lines of jurisdiction beyond the limits fixed by the common law and thus forestall the technical rule relating to venue in multiple element offenses. (See 30 A.L.R.2d 1265, 1268.)

█ Under the current rule where only a part of a crime has been committed in one county and the other part or parts have been committed in another, venue lies where only a part of the crime was done.

█ Because he was convicted under section 4573.5 of the Penal Code, forbidding a person to "bring" the specified drugs into a state prison, and because he was shown to have sent the drugs by mail from Los Angeles to the Chino prison in San Bernardino, he contends that he could not be guilty of violating the statute. Looking to the intent of the Legislature, it must be conceded that its intent was to prevent such drugs from getting into a prison. A person can effect such purpose by either bringing the drugs in his own hands or by placing the drugs in the possession of an efficient agent for delivery into the prison. "To bring" originally signified the act of causing a thing to come with the subject of the verb; however, its growth has added the significance of causing to come; to procure; to cause to come from, into; to bring to pass, etc. (Oxford English Dictionary, Webster's International Dictionary.) The word has more than a score of meanings which demonstrate that the lawmakers intended to forbid a person to cause the drugs to be delivered to a state prison. That such was the intended significance of the word

is emphasized by the language of section 781, *supra,* the remedial statute that tore loose the stifling doctrine of the common law. Even though appellant did not purchase the drugs in Los Angeles County and bring them in his own hands to the prison at Chino, he knew that by his delivering them to the United States Mail service, the most dependable agency available, and prepaying their cost of transportation, they would be more nearly certain of arriving at the cell of his addressee than if he had undertaken to import them.

Appellant leads himself to the erroneous concept that the violation of the statute is not accomplished until the forbidden drugs enter the prison and therefore he could not be guilty by merely mailing them in Los Angeles. He knows that by so doing they will in due course of the mail arrive at the prison. The important act in the violation was the act of placing the drugs in the mail. The place where he did that was in the territorial jurisdiction of the Los Angeles County Superior Court. That court, therefore, had jurisdiction of the offense.

The correctness of such decision is demonstrated by decisions involving various other crimes. (*People* v. *Anderson,* 3 Cal.App.2d 521, 522 [40 P.2d 270], is an appeal from Sacramento County on the ground that the robbery occurred in Yolo County. But because the victim was employed in Sacramento to convey defendant and his family to a resort in Yolo County where he was robbed by defendant, the court held that the hiring of the cab in Sacramento and the return there by defendant gave the Superior Court of Sacramento County jurisdiction under either section 786 or 781 of the Penal Code.

In *People* v. *Thorn,* 138 Cal.App. 714, 732 [33 P.2d 5], the court held that the venue of the offense of making a false insurance claim could have been laid in either county where the claims of loss and proofs were prepared in one county and were sent by registered mail to the insurer's office in another county. The act of preparing was a substantial part of the process of presenting the claim.

In *Ex parte Davis,* 54 F.2d 723, it was contended that because the deceased died in California after he had been stabbed in Mexico, defendant should be tried where the crime was completed, but the court held that Mexico acquired jurisdiction because the petitioner's offense was completed when the fatal blow was dealt. Similar holdings were made in *People* v. *Ortez,* 120 Cal.App.2d 469, 472 [261 P.2d 325], where the

defendant accused of rape was properly tried in the county in which he invited his victim into his car, although the offense was consummated in another county. In *People* v. *Anderson,* 90 Cal.App.2d 326, 330 [202 P.2d 1044], the preliminary arrangements for performing abortions (Pen. Code, § 274) conferred jurisdiction on the court of the county where such arrangements were made, although the operations were actually performed in another county pursuant to appointments included in such preliminary arrangements. (See *State* v. *Ashe,* 182 Wash. 598 [48 P.2d 213] ; *People* v. *Megladdery* 40 Cal.App.2d 748 [106 P.2d 84] ; *People* v. *Rohe,* 114 Cal. App.2d 605 [250 P.2d 647].)

From the foregoing, it must be clear to appellant that, so far as jurisdiction is concerned, any place where any part of a crime is committed becomes the locale of the crime as much as the place where it culminated (*Commonwealth* v. *Jones,* 118 Ky. 889 [82 S.W. 643, 4 Ann.Cas. 1192]) ; that the guilty cannot escape punishment by merely routing their crimes through innocent persons (*People* v. *Hess,* 107 Cal.App.2d 407, 431 [237 P.2d 568] ; *People* v. *Waxman,* 114 Cal.App.2d 399, 408 [250 P.2d 339]) ; that appellant was the author and perpetrator of the crime alleged in the information, denounced by section 4573.5, and the court below had jurisdiction thereof.

Although the attorney general has demonstrated that the motion to vacate the judgment does not lie in a situation such as is disclosed by the record, but is used only to correct errors of fact, as in writs of error *corum nobis,* we have chosen, rather, to show that the trial court had jurisdiction as being of more service to the bar.

Order affirmed.

McComb, J., and Fox, J., concurred.