[Crim. No. 3031.   Third Dist.   Apr. 25, 1960.]

THE PEOPLE, Respondent, v. JUAN G. GONZALEZ, Appellant.

286

John Lampe, under appointment by the District Court of Appeal, for Appellant.

Stanley Mosk, Attorney General, Doris H. Maier and Edsel W. Haws, Deputy Attorneys General, for Respondent.

PEEK, J.—Defendant was tried by a jury and found guilty of three violations of section 11500 of the Health and Safety Code, sale of narcotics. Judgment was entered accordingly, and he now appeals.

Henry Lopez, an undercover agent for the California Bureau of Narcotics Enforcement, testified that on October 23, 1958, he and another agent, Stanley Bessara, were seated in a café on 4th Street in Sacramento. Defendant approached and, in Spanish, asked Bessara in the presence of Lopez if he wanted some "stuff." Bessara replied: "We want some stuff, we want a spoon." "Stuff" and "spoon" are colloquial terms for narcotics and a unit of measure thereof. The three men left the café and entered a State car being used by Lopez, and, following defendant's directions, drove across the Capitol Avenue Bridge into Yolo County where they stopped at a point near the bank of the Sacramento River. Defendant then asked Lopez and Bessara: "Do you want one or two [spoons]?" to which Lopez responded, "We have enough money for just one." Lopez then handed defendant $50 of State money, the going price of a spoon of heroin. Defend-

ant left the car and walked down to the river. He returned in about 10 minutes and handed Lopez a small yellow balloon containing a substance later identified as heroin. The three men returned to downtown Sacramento where defendant left the car.

A substantially similar transaction took place the following day, October 24. Lopez and Bessara met defendant near 4th and "K" Streets in the late afternoon. Defendant asked if Lopez wanted "some stuff." Lopez answered, "later," and defendant left. Lopez and Bessara encountered defendant again that afternoon, at which time defendant asked if they had an "outfit" meaning the articles by which heroin is injected. Lopez replied in the negative. Defendant then asked, "How much do you want?" Lopez answered, "The same." After a few minutes defendant returned, and Lopez again gave him $50. Defendant and another person then drove off in the same direction as the day before, with Lopez and Bessara following in the State car. As on the day before, they crossed Capitol Avenue Bridge into Yolo County and turned right on the road by the river. Defendant and his companion told Lopez and Bessara to stop and wait. He then drove off, returned in about 15 minutes and gave Lopez a green balloon containing heroin.

On November 15, 1958, Lopez again encountered defendant in the area of 4th and "K" Streets. After some conversation defendant agreed to sell Lopez a seven-dollar "paper" (meaning a small amount of heroin). He entered Lopez's car, and the two men drove to a hotel on "J" Street, where, after receiving $10 from Lopez, defendant alighted from the car. Lopez drove around the block, picked up defendant in front of the hotel and was handed a paper bindle containing heroin and also the three dollars change.

All of the packages purchased from defendant were turned over to a chemist in the narcotics bureau office who determined that each contained heroin.

Defendant does not, and could not with success, challenge the sufficiency of the evidence to support the jury's verdict. He contends, however, that the Superior Court of Sacramento County did not have jurisdiction to try him on Counts I and II of the indictment relating to the sales which took place on November 23 and 24, 1958, because the actual "sales" charged in those counts took place in Yolo County. Section 781 of the Penal Code provides as follows:

"When a public offense is committed in part in one jurisdictional territory and in part in another, or the acts or effects thereof constituting or requisite to the consummation of the offense occur in two or more jurisdictional territories, the jurisdiction of such offense is in any competent court within either jurisdictional territory."

We cannot agree with defendant's argument. ██ "Section 781 . . . was conceived for the purpose of extending the lines of jurisdiction beyond the limits fixed by the common law and thus forestall the technical rule relating to venue in multiple element offenses." (*People* v. *Waid,* 127 Cal.App.2d 614, 617 [274 P.2d 217].) ██ It has been repeatedly held that the county in which the preliminary arrangements for the commission of a crime are made is a proper county in which to prosecute the completed offense, although the acts performed there did not constitute an essential element of the crime. (*People* v. *Abbott,* 47 Cal.2d 362, 371 [303 P.2d 730] ; *People* v. *Gerundo,* 112 Cal.App.2d 863, 869 [247 P.2d 398] ; *People* v. *Anderson,* 90 Cal.App.2d 326, 330 [202 P.2d 1044] ; *People* v. *Megladdery,* 40 Cal.App.2d 748, 774-775 [106 P.2d 84] ; see also *People* v. *Anderson,* 3 Cal.App.2d 521, 523-524 [40 P.2d 270].) ██ On both November 23 and November 24 defendant was in Sacramento County when he agreed to make an illegal sale of heroin to Lopez and Bessara. Furthermore, on November 24, the consideration for the sale actually passed in that county. Obviously these arrangements were preliminary to the actual transfer of the narcotics involved and were requisite to the consummation of the offense within the meaning of section 781 of the Penal Code.

██ Defendant also complains of material prejudice to his rights in the alleged misconduct of Henry Lopez while testifying for the prosecution. Defendant contends that Lopez acted in intentional disregard of the trial court's admonitions when he volunteered assumptions and recited· conversations held with third parties outside defendant's presence. The testimony to which defendant objects consists of Lopez's statement that at the time he made the first purchase of heroin from defendant he assumed that the balloon he received contained heroin; his statement that he intended to make a phone call; and certain testimony of his relative to conversations held with two police inspectors about the contents of the balloon obtained on October 23. When Lopez made these statements he was testifying in narrative form on direct examination. There is nothing in the testimony complained of to

indicate an intentional disregard of the court's admonitions; and even if there were, the evidence was at once ample and uncontradicted that the balloon Lopez received from defendant on October 23 did in fact contain heroin.

Finally defendant contends that the district attorney committed prejudicial misconduct in leaving certain photographs on the counsel table in plain view of the jury when those photographs had previously been excluded from evidence by the trial court. The assertion of defendant's counsel that these photographs apparently showed defendant in the company of Henry Lopez and other unnamed parties is without support in the record which discloses that they were held inadmissible for the very reason that they did *not* show defendant with Lopez. The pictures lay on the counsel table for an extremely short time, and there is nothing in the record to indicate that they were in any way damaging to defendant. When defense counsel objected to the photographs being left in view of the jury, the trial court promptly and fully instructed the jury to disregard them.

The judgment is affirmed.

Van Dyke, P. J., and Schottky, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied June 22, 1960.