[Crim. No. 3162.   Third Dist.   Apr. 11, 1962.]

THE PEOPLE, Plaintiff and Respondent, v. PAUL FLOWERS, Defendant and Appellant.

Joseph Q. Joynt, under appointment by the District Court of Appeal, for Defendant and Appellant.

Stanley Mosk, Attorney General, Doris H. Maier, Assistant Attorney General, and C. Michael Gianola, Deputy Attorney General, for Plaintiff and Respondent.

PEEK, P. J.—Defendant appeals from a judgment of conviction finding him guilty of a violation of section 11501 of the Health and Safety Code.

George Allen, a Sacramento Police Officer, who had been assigned to the narcotics detail, testified that at approximately 3:15 p. m. on May 10, 1960, he was sitting on a bench watching a game of pool in an establishment located on Third Street in Sacramento when defendant approached him. Allen, addressing defendant, said "Let's get one," having in mind a bottle of whiskey. Defendant responded by asking Allen, "What do you want, a spoon?" To this Allen replied that he would rather have half a spoon. Defendant then made a telephone call. When he returned, Allen told him that he had changed his mind and would rather have a spoon instead of half a spoon. Defendant made another telephone call.

Upon completion of the call, Allen, defendant, a man known as "Funny" who was seated next to Allen, and a fourth person whom Allen could not identify left the poolhall and, using Allen's car, drove to Broderick in Yolo County. When they reached Broderick, defendant asked for the money. Allen and the fourth man each gave defendant $50. After receiving the money, defendant went in front of a grocery store and returned to the car approximately five to ten minutes later. He gave the unidentified fourth man a spoon and Allen two packages, each allegedly containing half a spoon. They then drove to "Funny's" apartment in Sacramento where they spent several hours. Allen left the group at "Funny's" apartment and reported the transaction to Officer Viegas.

The packages Allen received from defendant were turned over to a chemist in the Bureau of Narcotic Enforcement, who determined that the packages contained heroin.

Defendant appeals on the ground that there was no evidence that any act of the offense charged occurred within Sacramento County, and hence, the Superior Court of that county lacked jurisdiction under section 781 of the Penal Code. There is no dispute that the money for the sale was passed in Yolo County; but defendant maintains that there

is nothing in the record to show that the preliminary arrangements for the sale occurred in Sacramento.

This argument is without merit. From the sequence of events which began with the preliminary arrangements which were made in a poolroom in Sacramento and from the subsequent conversation between defendant and Allen in which the reference was made to "half a spoon" and a "spoon"; the telephone calls which immediately followed the discussion; the departure from the poolhall to Yolo County; the demand for "money" without reference to spoons or quantity; and defendant's return, giving Allen two packages, the contents of which were identified as being heroin, there can be no question but that jurisdiction was in Sacramento County. (See *People* v. *Gonzalez*, 180 Cal.App.2d 285 [4 Cal.Rptr. 822].)

For the reason previously stated, defendant's next contention that there was substantial variance between the allegations of the indictment and the facts as proved is equally without merit, since this contention is based essentially on the above argument that the indictment charged defendant with the crime of sale of narcotics in Sacramento, whereas there is no evidence that the commission of the crime charged occurred in Sacramento.

Variance is not fatal where the pleadings allege the commission of a crime in one county so long as some act of a series of acts of the crime charged do occur in that county. (*People* v. *Waid,* 127 Cal.App.2d 614 [274 P.2d 217].) Since the preliminary arrangements in this case occurred in Sacramento County, there is no fatal variance.

The judgment is affirmed.

Schottky, J., and Pierce, J., concurred.