[No. A111860. First Dist., Div. Two. Dec. 21, 2006.]

THE PEOPLE, Plaintiff and Respondent, v.
JAMES LAVELL HARRIS, Defendant and Appellant.

COUNSEL

Jeffrey A. Schafer, under appointment by the Court of Appeal, for Defendant and Appellant.

Bill Lockyer, Attorney General, Mary Jo Graves, Chief Assistant Attorney General, Gerald A. Engler, Assistant Attorney General, Stan Helfman and Christopher J. Wei, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

**LAMBDEN, J.**—Defendant James Lavell Harris seeks reversal of his conviction after court trial for commission of a felony in violation of Penal Code section 4573.5,[1] based on his bringing "medical marijuana" without authorization into a county correctional facility, where he was to begin serving a sentence in an unrelated matter. We reverse his conviction because section 4573.5, by its plain language, does not apply to controlled substances.

## BACKGROUND

The relevant facts in this case are simple and undisputed. In an unrelated case, defendant was required to surrender himself to authorities at Lake County Jail, Hill Road Detention Facility (the facility) in April 2005 after

---

[1] All undesignated section references are to the Penal Code.

being sentenced to a term in county jail. Before doing so, defendant sent a letter to various Lake County officials, including the sheriff, advising them that he was a "qualified patient" pursuant to Health and Safety Code section 11362.7, subdivisions (f) and (h), and a lifetime user of marijuana for chronic pain pursuant to Health and Safety Code section 11362.7, subdivision (f), among other things. He requested that facility officials make an accommodation to him for his use of marijuana for medical purposes, pursuant to Health and Safety Code section 11362.785, subdivision (c), and stated that he intended to bring to the facility 72 wafers containing cannabis extract and three ounces of cannabis extract in olive oil.

In a written response personally delivered to the defendant, the facility's chief custody officer and facility commander stated that defendant could not bring his marijuana into the facility, cited section 4573.5, and stated that if defendant chose "to bring onto or possess any drug on facility grounds under my direction you will be arrested and charged with a felony."

When defendant surrendered himself at the facility, he was searched and a usable amount of marijuana in wafer and oil form was found in his possession. An information was subsequently filed charging defendant with one count of unlawfully bringing a drug into a correctional facility in violation of section 4573.5.[2]

A court trial was held, at which the parties stipulated that defendant has a "doctor's card" authorizing him to use marijuana for personal medical purposes. The relevant facts were not disputed. Defendant was convicted of violating section 4573.5, and the court subsequently suspended the imposition of sentence and placed defendant on probation for five years. Defendant filed a timely notice of appeal.

## DISCUSSION

Defendant contends that his conviction should be reversed because there was insufficient evidence that he violated section 4573.5, since it only prohibits bringing unauthorized "drugs, other than controlled substances" into a county correctional facility, which defendant contends does not include the

---

[2] The information further alleged that defendant had three prior serious or violent felony convictions within the meaning of sections 1170.12, subdivisions (a) through (d), and 667, subdivisions (b) through (i). The court struck these allegations after trial.

"medical marijuana" he brought into the facility. The People contend that section 4573.5's ambit extends to medical marijuana. We conclude that defendant's analysis is correct, based upon the plain language of section 4573.5.

Sections 4573 and 4573.5 are two of several criminal statutes included in chapter 3 of title 5 of the Penal Code, regarding offenses relating to prisons and prisoners. Generally speaking, they criminalize bringing into penal institutions and the like, or possessing or selling in penal institutions and the like or among prisoners, drugs and/or certain controlled substances, among other things. "Obviously, the ultimate evil with which the Legislature was concerned was drug use by prisoners. Nevertheless, it chose to take a prophylactic approach to the problem by attacking the very presence of drugs and drug paraphernalia in prisons and jails." (*People v. Gutierrez* (1997) 52 Cal.App.4th 380, 386 [60 Cal.Rptr.2d 561].) "The obvious purpose of these statutes is 'to deter the presence of illicit drugs in custodial institutions'; the statutes are 'deemed necessary to ensure orderly administration and security within such institutions.' " (*People v. Lee* (2006) 136 Cal.App.4th 522, 536 [38 Cal.Rptr.3d 927].) We construe these statutes together. (See *People v. Gutierrez, supra*, at p. 386; *People v. Buese* (1963) 220 Cal.App.2d 802, 807 [34 Cal.Rptr. 102] [sections 4573, 4573.5 and 4573.6 were intended to be read "*in pari materia* and should be construed together"].)

Sections 4573 and 4573.5 prohibit, respectively, the "bringing into" penal institutions and the like of unauthorized "controlled substances, the possession of which is prohibited by division 10 (commencing with section 11000) of the Health and Safety Code," and "drugs other than controlled substances." Section 4573.6 is very similar to section 4573, but focuses on "possession in" penal institutions and the list of unauthorized controlled substances, the possession of which is prohibited by division 10 of the Health and Safety Code, the Uniform Controlled Substances Act (Division 10). Section 4573.8 is very similar to section 4573.5, except that it too focuses on possession *and* applies to unauthorized "drugs in any manner, shape, form, dispenser, or container," without excluding controlled substances. Section 4573.9 makes it a felony to sell, among other things, unauthorized controlled substances the possession of which is prohibited by Division 10 in penal institutions and the like.

As we have already stated, section 4573, under which defendant was *not* charged, states in relevant part that it is a felony to bring any unauthorized

controlled substance, "the possession of which is prohibited by Division 10 (commencing with section 11000) of the Health and Safety Code" into a county correctional facility.[3] Defendant contends that since medical marijuana is a "controlled substance" which, pursuant to Health and Safety Code section 11362.5, the Compassionate Use Act of 1996 enacted by proposition (Health & Saf. Code, § 11362.5, subd. (a); *People v. Konow* (2004) 32 Cal.4th 995, 1002 [12 Cal.Rptr.3d 301, 88 P.3d 36]), is excepted from Division 10's prohibitions against marijuana possession, he could not have been convicted under section 4573. This issue is not before us because the People declined to charge him under this section. Accordingly, we do not determine whether or not defendant could have been convicted pursuant to section 4573. (See *People v. Fenton* (1993) 20 Cal.App.4th 965, 967–968 [25 Cal.Rptr.2d 52] [reversing conviction pursuant to section 4573 of a defendant who checked into county jail with a controlled substance, temazepam, for which he had a prescription].) However, the references to controlled substances in Division 10 contained in sections 4573, 4573.6, and 4573.9 are relevant to our analysis.

■ Defendant *was* convicted pursuant to section 4573.5, which makes it a felony to bring unauthorized "drugs, other than controlled substances" into county correctional facilities, among other places.[4] The parties do not dispute that defendant entered a county correctional facility with medical marijuana,

---

[3] Section 4573 states in relevant part: "Except when otherwise authorized by law, or when authorized by the person in charge of the prison or other institution referred to in this section or by an officer of the institution empowered by the person in charge of the institution to give the authorization, any person, who knowingly brings or sends into, or knowingly assists in bringing into, or sending into, any state prison, prison road camp, prison forestry camp, or other prison camp or prison farm or any other place where prisoners of the state are located under the custody of prison officials, officers or employees, or into any county, city and county, or city jail, road camp, farm or other place where prisoners or inmates are located under custody of any sheriff, chief of police, peace officer, probation officer or employees, or within the grounds belonging to the institution, *any controlled substance, the possession of which is prohibited by Division 10 (commencing with Section 11000) of the Health and Safety Code,* any device, contrivance, instrument, or paraphernalia intended to be used for unlawfully injecting or consuming a controlled substance, is guilty of a felony punishable by imprisonment in the state prison for two, three, or four years." (Italics added.)

[4] Section 4573.5 states in relevant part: "Any person who knowingly brings into any state prison or other institution under the jurisdiction of the Department of Corrections, or into any prison camp, prison farm, or any other place where prisoners or inmates of these institutions are located under the custody of prison or institution officials, officers, or employees, or into any county, city and county, or city jail, road camp, farm or any other institution or place where prisoners or inmates are being held under the custody of any sheriff, chief of police, peace officer, probation officer, or employees, or within the grounds belonging to any institution or place, any alcoholic beverage, *any drugs, other than controlled substances,* in any manner, shape, form, dispenser, or container, or any device, contrivance, instrument, or paraphernalia intended to be used for unlawfully injecting or consuming any drug other than controlled substances, without having authority so to do by the rules of the Department of Corrections, the rules of the prison, institution, camp, farm, place, or jail, or by the specific

and that he had a "doctor's card," which gave him the right to possess this medical marijuana. (See Health & Saf. Code, §§ 11362.5,[5] 11362.7 et seq. [the Medical Marijuana Program Act].) Therefore, we are faced with a purely legal question: Is defendant, having brought medical marijuana into a county correctional facility, subject to section 4573.5? We conclude that he is not.

█ " 'As in any case involving statutory interpretation, our fundamental task here is to determine the Legislature's intent so as to effectuate the law's purpose. [Citation.] We [must] begin by examining the statute's words, giving them a plain and commonsense meaning. [Citation.] We do not, however, consider the statutory language "in isolation." [Citation.] Rather, we [must] look to "the entire substance of the statute . . . in order to determine the scope and purpose of the provision . . . . [Citation.]" [Citation.] That is, we [should] construe the words in question " 'in context, keeping in mind the nature and obvious purpose of the statute . . . .' [Citation.]" [Citation.] We must harmonize "the various parts of a statutory enactment . . . by considering the particular clause or section in the context of the statutory framework as a whole." [Citations.]' " (*In re Reeves* (2005) 35 Cal.4th 765, 783 [28 Cal.Rptr.3d 4, 110 P.3d 1218], quoting *People v. Murphy* (2001) 25 Cal.4th 136, 142 [105 Cal.Rptr.2d 387, 19 P.3d 1129].)

We also must bear in mind that " '[i]f there is no ambiguity in the language of the statute, "then the Legislature is presumed to have meant what it said, and the plain meaning of the language governs." [Citation.] "Where the statute is clear, courts will not 'interpret away clear language in favor of an ambiguity that does not exist.' " ' " (*People v. Coronado* (1995) 12 Cal.4th 145, 151 [48 Cal.Rptr.2d 77, 906 P.2d 1232].) "An exception to that principle is a situation in which to follow a statute's plain meaning ' " 'would result in absurd consequences which the Legislature did not intend.' " ' " (*People v. Fenton, supra*, 20 Cal.App.4th at p. 969, quoting *Younger v. Superior Court* (1978) 21 Cal.3d 102, 113 [145 Cal.Rptr. 674, 577 P.2d 1014].)

We employ these rules of statutory construction to determine whether or not medical marijuana falls into the category of "controlled substances" or "drugs other than controlled substances," and, if it is a "controlled

---

authorization of the warden, superintendent, jailer, or other person in charge of the prison, jail, institution, camp, farm, or place, is guilty of a felony." (Italics added.)

[5] Health and Safety Code section 11362.5 states in relevant part: "Section 11357, relating to the possession of marijuana, and Section 11358, relating to the cultivation of marijuana, shall not apply to a patient, or to a patient's primary caregiver, who possesses or cultivates marijuana for the personal medical purposes of the patient upon the written or oral recommendation or approval of a physician." (*Id.*, subd. (d).)

substance," whether section 4573.5's ambit nonetheless extends to a person who brings medical marijuana to a correctional facility, as the People urge.

## I. *Medical Marijuana Is a Controlled Substance*

Sections 4573, 4573.5, 4573.6, and 4573.9 each refer to "controlled substances," but none of them actually define the term. Sections 4573, 4573.6, and 4573.9, however, expressly refer to those controlled substances which possession is prohibited in Division 10.[6] Given that we must construe the subject statutes together (see *People v. Gutierrez, supra*, 52 Cal.App.4th at p. 386; *People v. Buese, supra*, 220 Cal.App.2d at p. 807), we look to Division 10 for a definition of the "controlled substances" referred to in section 4573.5 to determine if it extends to defendant's medical marijuana. Clearly, it does.

Health and Safety Code section 11007 states that a " '[c]ontrolled substance,' unless otherwise specified, means a drug, substance, or immediate precursor which is listed in any schedule in Section 11054, 11055, 11056, 11057, or 11058." Health and Safety Code section 11054, which lists schedule I controlled substances, includes marijuana, among others, in subdivision (d). (Health & Saf. Code, § 11054, subd. (d)(13).)

If this were not sufficient, there are other clear indications within Division 10 that medical marijuana is a controlled substance. Health and Safety Code sections 11362.5, and 11362.7 et seq., relating to medical marijuana, are also in Division 10. Furthermore, Health and Safety Code section 11362.775 provides that certain persons who collectively or cooperatively cultivate medical marijuana shall not solely on the basis of that fact be subject to criminal sanctions under, among other provisions, Health and Safety Code sections 11366 and 11366.5, each of which expressly applies to "controlled substances." (See *People v. Urziceanu* (2005) 132 Cal.App.4th 747, 782–786 [33 Cal.Rptr.3d 859] [noting that the Legislature exempted certain persons who collectively or cooperatively cultivate marijuana for medical purposes from certain criminal sanctions involving controlled substances].)

Accordingly, we conclude that the medical marijuana at issue in the present case is a "controlled substance" as that term is used in section 4573.5. Therefore, we must determine whether, as a controlled substance, it falls within section 4573.5's ambit.

---

[6] This is also consistent with several other Penal Code provisions that refer to "controlled substances," including section 1170.7 (referring to controlled substances "as defined in Division 10") and section 1203.1ab (requiring abstinence from use of "controlled substances" as a condition of probation when convicted of certain offenses involving the unlawful use, sale, or other furnishing of any controlled substance as defined in chapter 2 of Division 10).

## II. *Section 4573.5 Excludes Controlled Substances*

We are required by rules of statutory interpretation to "[examine] the statute's words" and give them "a plain and commonsense meaning." (*In re Reeves, supra,* 35 Cal.4th at p. 783.) In doing so, we can only conclude that the Legislature intended to exclude "controlled substances" from section 4573.5's ambit, as section 4573.5 does exactly that by its reference to "any drugs, *other than controlled substances.*" (Italics added.)

The People argue that we should read sections 4573 and 4573.5 together, and construe the reference to "controlled substances" in section 4573.5 to mean "controlled substance[s], *the possession of which is prohibited by Division 10 (commencing with Section 11000) of the Health and Safety Code,*" as is stated in section 4573. (Italics added.) Under this construction, defendant's medical marijuana would fall within the "drugs" referred to in section 4573.5, since the exclusion of "controlled substances" is sufficiently limited so as not to include medical marijuana.

The People argue that their interpretation is the only one that makes sense, since we must construe the statutes together, and since the Legislature "chose to take a prophylactic approach to" "the ultimate evil [of] drug use by prisoners" "by attacking the very presence of drugs and drug paraphernalia in prison and jails." (*People v. Gutierrez, supra,* 52 Cal.App.4th at p. 386.) They argue further that to construe the statutes as defendant urges would "effectively nullify the purpose of these statutes," and result in an "absurd loophole" that prevents correctional officials from policing medical marijuana in correctional facilities.

While we agree that the statutes must be read together, we disagree with the remainder of the People's analysis. The People's interpretation is obviously incorrect in light of section 4573.5's plainly worded exclusion of controlled substances, which contains no ambiguity whatsoever. To add the qualification proposed by the People would require that we step beyond our judicial function and rewrite the statute, which we cannot do. "In the construction of a statute . . . the office of the Judge is simply to ascertain and declare what is in terms or in substance contained therein, not to insert what has been omitted[.]" (Code Civ. Proc., § 1858.) "We are not authorized to insert qualifying provisions not included, and may not rewrite the statute to conform to an assumed intention which does not appear from its language."

(*Stop Youth Addiction, Inc. v. Lucky Stores, Inc.* (1998) 17 Cal.4th 553, 573 [71 Cal.Rptr.2d 731, 950 P.2d 1086]; accord, *Priebe v. Nelson* (2006) 39 Cal.4th 1112, 1139 [47 Cal.Rptr.3d 553, 140 P.3d 848].)

■ Furthermore, while the statutes involved are prophylactic in their approach to drugs and controlled substances in prisons, they nonetheless contain noteworthy parameters and differences. Sections 4573 and 4573.5, which criminalize the "bringing in" of certain unauthorized substances to penal institutions and the like, have retained their parameters regarding drugs and controlled substances as discussed herein since the 1940's. (Amendments, Deering's Ann. Pen. Code (1992 ed.) foll. § 4573, p. 248; *id.* foll. § 4573.5, p. 251 [referring to "narcotics" rather than "controlled substances"].) Moreover, in 1990, section 4573.5 was amended at the same time as section 4573.8 was enacted. (Stats. 1990, ch. 1580, §§ 3, 5, pp. 7555, 7556.) Yet the Legislature, while it criminalized the unauthorized possession of "drugs in any manner, shape, form, dispenser, or container" in section 4573.8, retained the phrase "any drugs, other than controlled substances" in section 4573.5. (§§ 4573.8, 4573.5; see Amendments, Deering's Ann. Pen. Code, *supra*, foll. § 4573.5, p. 251.) " ' " 'Where a statute with reference to one subject contains a given provision, the omission of such provision from a similar statute concerning a related subject . . . is significant to show that a different intention existed.' " [Citation.]' " (*Moncharsh v. Heily & Blase* (1992) 3 Cal.4th 1, 26 [10 Cal.Rptr.2d 183, 832 P.2d 899].) Therefore, it is significant that the Legislature, while not including the "other than controlled substances" language in the newly enacted section 4573.8, chose not to eliminate it from the revised section 4573.5.

We also cannot declare the "controlled substances" exception in section 4573.5 to be absurd, as the People suggest. To the contrary, it is conceivable that the Legislature has declined to criminalize the bringing of certain controlled substances, possession of which is allowed as stated in Division 10, into penal institutions and the like so as not to unnecessarily subject their possessors to criminal sanctions. This is also consistent with electorate's disinclination to criminalize possession of medical marijuana as indicated in Health and Safety Code section 11362.5, which states as one of its purposes "[t]o ensure that patients and their primary caregivers who obtain and use marijuana for medical purposes upon the recommendation of a physician are not subject to criminal prosecution or sanction." (Health & Saf. Code, § 11362.5, subd. (b)(1)(B).)

The People also argue that correctional officials would lose control over their facilities if we adopt defendant's interpretation. A virtually identical argument was rejected in *People v. Fenton, supra,* 20 Cal.App.4th at pages 969–970, in considering whether or not an inmate who brought into a penal institution a controlled substance for which he had a prescription was subject to section 4753.

The *Fenton* court pointed out: "The Director of Corrections has the authority to prescribe and amend rules for the administration of prisons. (§ 5058.) In addition, the counties have the authority to make reasonable rules and regulations for the administration of [the] county jails. (See § 4019, subd. (c).) The failure of section 4573 to proscribe smuggling prescribed controlled substances into a penal institution does not prevent penal institutions from imposing specific rules on whether controlled substances for which the inmate has a physician's prescription can be introduced into the institution. In other words, smuggling a prescribed controlled substance into a penal institution is not deemed desirable or permissible just because the Legislature, whether or not inadvertently, has not made it a felony." (*People v. Fenton, supra,* 20 Cal.App.4th at p. 970.)

This same administrative approach can be used to regulate the bringing of medical marijuana into penal institutions, to the extent that a person cannot be convicted under section 4573.5 for doing so.[7] Nothing in this opinion is intended or should be construed to stand for the contrary, nor is anything herein intended to suggest that such persons cannot be convicted of criminal conduct under any statute other than section 4573.5 as it is presently stated.

---

[7] The People argue that their interpretation is consistent with the Medical Marijuana Program Act, in that Health and Safety Code section 11362.785 states in relevant part:

"(a) Nothing in this article shall require any accommodation of any medical use of marijuana on the property or premises of any place of employment or during the hours of employment or on the property or premises of any jail, correctional facility, or other type of penal institution in which prisoners reside or persons under arrest are detained.

"(b) Notwithstanding subdivision (a), a person shall not be prohibited or prevented from obtaining and submitting the written information and documentation necessary to apply for an identification card on the basis that the person is incarcerated in a jail, correctional facility, or other penal institution in which prisoners reside or persons under arrest are detained.

"(c) Nothing in this article shall prohibit a jail, correctional facility, or other penal institution in which prisoners reside or persons under arrest are detained, from permitting a prisoner or a person under arrest who has an identification card, to use marijuana for medical purposes under circumstances that will not endanger the health or safety of other prisoners or the security of the facility."

While these statutory provisions do not establish that the actions taken by defendant in the present case are subject to section 4573.5, they further indicate that penal institution officials have the discretion to exclude medical marijuana from their facilities.

## DISPOSITION

Appellant's conviction is reversed.

Kline, P. J., and Haerle, J., concurred.