Filed 7/31/20

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>JESSE HERRERA,<br><br>    Defendant and Appellant. | H046631<br>(Monterey County<br>Super. Ct. No. 17CR00630) |

**I. INTRODUCTION**

In 2018, defendant Jesse Herrera was convicted by jury of possession of marijuana in jail (Pen. Code, § 4573.6, subd. (a) (hereafter Pen. Code, § 4573.6(a)). The jury also found true allegations that he had suffered a prior strike conviction (*id.*, § 1170.12, subd. (c)(1)), and that he had served three prior prison terms (*id.*, § 667.5, former subd. (b)). The trial court sentenced defendant to eight years in prison, which included consecutive one-year terms for two of the three prison priors. The court also imposed various fees and fines, including a $300 restitution fine, but stayed all amounts.

On appeal, defendant contends that his conviction must be reversed because the possession of cannabis in jail is no longer a crime after the passage of Proposition 64 in 2016. Second, defendant argues that the prior prison term enhancements must be stricken because the enhancements no longer apply to him based on legislation that went into effect after he was sentenced. (See Pen. Code, § 667.5, subd. (b).) Third, defendant contends that the abstract of judgment must be corrected to reflect that the trial court stayed the restitution fine.

For reasons that we will explain, we determine that Proposition 64 did not decriminalize the possession of cannabis in a penal institution, and that defendant was properly convicted under Penal Code section 4573.6 for possession of cannabis in jail. However, because the prior prison term enhancements no longer apply to defendant, we will reverse the judgment and remand with directions to strike the prior prison term enhancements and resentence defendant.

## II. BACKGROUND

Defendant was charged by amended information with bringing a controlled substance, methamphetamine, into jail (Pen. Code, § 4573, subd. (a); count 1) and possession of a controlled substance, marijuana, in jail (*id.*, § 4573.6(a); count 2). The amended information also alleged that defendant had suffered a prior strike conviction (*id.*, § 1170.12, subd. (c)(1)), and that he had served four prior prison terms (*id.*, § 667.5, former subd. (b)). The trial court granted defendant's request to bifurcate the trial on the prior allegations.

Regarding the count for possession of marijuana in jail, the evidence at trial reflected the following. On July 8, 2017, a deputy sheriff assigned to the county jail observed a group of inmates congregating around two other inmates who were sitting on a bunk in a dorm. One of the seated inmates was defendant. The deputy smelled marijuana upon approaching the group. The deputy had everyone removed from the area except defendant and the other seated inmate. The deputy kept his eyes on the pair except for a few seconds when he turned to check whether anyone was behind him. Surveillance tape of the incident showed defendant at this point putting his hands over his shoulder and turning his head around to look behind himself as if he had thrown something. Eventually defendant and the other seated inmate were removed from the area. The deputy conducted a search and found a bindle of marijuana in the area where it appeared from the surveillance video that defendant had dropped something. Subsequent testing revealed 0.59 grams of marijuana.

2

On December 11, 2018, the jury found defendant guilty of possession of a controlled substance, marijuana, in jail (Pen. Code, § 4573.6(a); count 2). The jury found defendant not guilty of bringing methamphetamine into jail (*id.*, § 4573, subd. (a); count 1).

Prior to the bifurcated trial on the prior allegations, the trial court granted defendant's motion to reduce a felony conviction underlying one of the prison priors to a misdemeanor (Pen. Code, § 1170.18). Following the bifurcated trial, the jury found true the allegations that defendant had previously been convicted of robbery (*id.*, § 1170.12, subd. (c)(1)), and that he had served three prior prison terms (*id.*, § 667.5, former subd. (b)).

At the sentencing hearing on February 6, 2019, the trial court sentenced defendant to eight years in prison. The sentence consists of six years (the middle term, doubled) for possession of marijuana in jail (Pen. Code, § 4573.6(a)) and consecutive terms of one year for two of the prison priors (Pen. Code, § 667.5, former subd. (b)). The court stayed the punishment for the third prison prior, which the court referred to as occurring "last in time." The court imposed various fees and fines, including a restitution fine of $300, but stayed all amounts until the prosecution demonstrated that defendant had the ability to pay.

### III. DISCUSSION

#### A. *Conviction Under Penal Code Section 4573.6(a)*

Defendant contends that his conviction under Penal Code section 4573.6(a) must be reversed because the possession of a small amount of cannabis in jail is no longer a crime after the passage of Proposition 64. The Attorney General contends that Proposition 64 did not affect the law prohibiting possession of cannabis in custodial institutions.

The issue of whether Proposition 64 decriminalized the possession of cannabis in prison or jail is currently pending before the California Supreme Court. In *People v.*

3

*Raybon* (2019) 36 Cal.App.5th 111, review granted Aug. 21, 2019, S256978 (*Raybon*), the Third District held that possession of less than one ounce of cannabis in prison is no longer a crime under Penal Code section 4573.6 after the passage of Proposition 64. (*Raybon*, *supra*, at pp. 119, 126.) However, the First District in *People v. Perry* (2019) 32 Cal.App.5th 885 (*Perry*) concluded that possession of cannabis in prison remains a crime under Penal Code section 4573.6 after the passage of Proposition 64. (*Perry*, *supra*, at p. 887; see also *People v. Whalum* (2020) 50 Cal.App.5th 1, 3 [Fourth District concluding "that the crime of possessing unauthorized cannabis in prison in violation of Penal Code section 4573.8[1] was not affected by Proposition 64"], petn. for review pending, petn. filed July 7, 2020 (*Whalum*).) As we will explain, we determine that defendant was properly convicted under Penal Code section 4573.6 for possession of cannabis in jail.

### 1. The Prohibition on Cannabis Possession in Prison or Jail
### Prior to Proposition 64

Defendant was convicted under Penal Code section 4573.6(a). This subdivision states: "Any person who knowingly has in his or her possession in any state prison, . . . or in any county . . . jail, . . . *any controlled substances, the possession of which is prohibited by Division 10 (commencing with Section 11000) of the Health and Safety Code*, . . . or paraphernalia intended to be used for unlawfully injecting or consuming controlled substances, without being authorized to so possess the same by the rules of the Department of Corrections, rules of the prison or jail, . . . or by the specific authorization of the warden, superintendent, jailer, or other person in charge of the prison, [or] jail, . . . is guilty of a felony . . . ." (Italics added.)

"Division 10 of the Health and Safety Code comprises the California Uniform Controlled Substances Act. (Health & Saf. Code, § 11000 et seq.) Chapter 2 contains

---

[1] Penal Code section 4573.8 generally makes it a felony to knowingly possess "drugs," drug paraphernalia, or alcoholic beverages in prison or jail.

schedules listing controlled substances subject to the provisions of division 10, and chapter 6 describes the offenses associated with controlled substances." (*People v. Fenton* (1993) 20 Cal.App.4th 965, 968 (*Fenton*).)  Cannabis[2] is listed in Schedule I. (Health & Saf. Code, § 11054, subd. (d)(13).)[3]  Prior to the passage of Proposition 64, possession of nonmedical cannabis was generally prohibited.  (Former § 11357, as amended by initiative measure (Prop. 47, § 12, approved Nov. 4, 2014, eff. Nov. 5, 2014).)

Penal Code section 4573.6, the offense of which defendant was convicted, appears in part 3, title 5 of the Penal Code, concerning "Offenses Relating to Prisons and Prisoners."  (See Pen. Code, § 4500 et seq.)  Penal Code "section 4573.6 appears to be aimed at problems of prison administration."  (*People v. Rouser* (1997) 59 Cal.App.4th 1065, 1071.)  "[S]everal adjacent provisions place restrictions on possessing and importing drugs and other contraband in custody.  [Citations.]"  (*People v. Low* (2010) 49 Cal.4th 372, 382 (*Low*); see Pen. Code, §§ 4573, subd. (a) [bringing controlled substances into prison or jail], 4573.5 [bringing alcoholic beverages, drugs other than controlled substances, or drug paraphernalia into prison or jail],[4] 4573.8 [possessing

---

[2]  In 2017, the Legislature changed references to marijuana in the Health and Safety Code to cannabis.  (See, e.g., Stats. 2017, ch. 27, § 120, eff. June 27, 2017.)

[3] All further statutory references are to the Health and Safety Code unless otherwise indicated.

[4] The Health and Safety Code separately defines drugs and controlled substances. Drugs are broadly defined as "(a) substances recognized as drugs in the official United States Pharmacopoeia, official Homeopathic Pharmacopoeia of the United States, or official National Formulary, or any supplement to any of them; (b) substances intended for use in the diagnosis, cure, mitigation, treatment, or prevention of disease in man or animals; (c) substances (other than food) intended to affect the structure or any function of the body of man or animals; and (d) substances intended for use as a component of any article specified in subdivision (a), (b), or (c) of this section." (§ 11014.)  A controlled substance "means a drug, substance, or immediate precursor which is listed in any schedule in Section 11054, 11055, 11056, 11057, or 11058." (§ 11007.)

5

alcoholic beverages, drugs, or drug paraphernalia in prison or jail], 4573.9, subd. (a) [selling or furnishing controlled substances to any person held in prison or jail], 4574, subd. (a) [bringing firearms, deadly weapons, or explosives into prison or jail].)  These laws "flow from the assumption that drugs, weapons, and other contraband promote disruptive and violent acts in custody, including gang involvement in the drug trade." (*Low*, *supra*, at p. 388.)  The Legislature was also concerned about drug use by prisoners. (*People v. Gutierrez* (1997) 52 Cal.App.4th 380, 386.)  "Hence, these provisions are viewed as ' "prophylactic" ' measures that attack the ' "very presence" ' of such items in the penal system.  [Citations.]" (*Low*, *supra*, at p. 388.)

### 2.  Proposition 64

In 2016, voters enacted Proposition 64, known as the Control, Regulate and Tax Adult Use of Marijuana Act (the Act or Proposition 64).  (Voter Information Guide, Gen. Elec. (Nov. 8, 2016) text of Prop. 64, § 1, p. 178 (Voter Information Guide).)  Prior to Proposition 64's passage, medical use of marijuana was legal under California law, but nonmedical use was illegal.  (See Voter Information Guide, text of Prop. 64, § 2(B), p. 178.)  The stated purpose of Proposition 64 was "to establish a comprehensive system to legalize, control and regulate the cultivation, processing, manufacture, distribution, testing, and sale of nonmedical marijuana, including marijuana products, for use by adults 21 years and older, and to tax the commercial growth and retail sale of marijuana." (*Id.*, text of Prop. 64, § 3, p. 179.)  The intent of the Act included "[p]ermit[ting] adults 21 years and older to use, possess, purchase and grow nonmedical marijuana within defined limits for use by adults 21 years and older as set forth in [the Act]." (*Id.*, text of Prop. 64, § 3(*l*), p. 179.)

Relevant here, Proposition 64 added section 11362.1 to the Health and Safety Code.  This section generally allows the possession, smoking, and ingestion of cannabis, as well as the cultivation of cannabis plants.  Section 11362.1 currently states:

6

"(a) Subject to Sections 11362.2, 11362.3, 11362.4, and 11362.45, but notwithstanding any other provision of law, it shall be lawful under state and local law, and shall not be a violation of state or local law, for persons 21 years of age or older to:

"(1) Possess . . . not more than 28.5 grams of cannabis not in the form of concentrated cannabis;

"(2) Possess . . . not more than eight grams of cannabis in the form of concentrated cannabis, including as contained in cannabis products;

"(3) Possess, plant, cultivate, harvest, dry, or process not more than six living cannabis plants . . . ;

"(4) Smoke or ingest cannabis or cannabis products; and

"(5) Possess, . . . use, . . . or give away cannabis accessories to persons 21 years of age or older without any compensation whatsoever." (§ 11362.1, subd. (a).)

The phrase "notwithstanding any other provision of law" in section 11362.1, subdivision (a) signals an intent for the statute to prevail over all contrary law. (See *In re Greg F.* (2012) 55 Cal.4th 393, 406.) However, section 11362.1, subdivision (a) also states that a person's ability to possess, smoke, or ingest cannabis is "[s]ubject to Sections 11362.2, 11362.3, 11362.4, and 11362.45." Under these provisions it remains illegal, for example, to possess cannabis on school grounds. (§ 11362.3, subd. (a)(5); see § 11357, subd. (c).) There are also limitations on the personal cultivation of cannabis plants (§ 11362.2) and smoking cannabis in a public place or while driving (§ 11362.3). (See § 11362.4 [setting forth the penalties for certain violations of §§ 11362.2 and 11362.3].)

Relevant here, section 11362.45 provides that certain categories of laws are unaffected by Proposition 64's legalization of cannabis. In particular, section 11362.45 currently states: "Section 11362.1 does not amend, repeal, affect, restrict, or preempt: [¶] . . . [¶] (d) *Laws pertaining to smoking or ingesting cannabis* or cannabis products on the grounds of, or within, any facility or institution under the jurisdiction of the

7

Department of Corrections and Rehabilitation or the Division of Juvenile Justice, or on the grounds of, or within, any other facility or institution referenced in Section 4573 of the Penal Code." (§ 11362.45, subd. (d), italics added (hereafter § 11362.45(d)).) The facilities referenced in Penal Code section 4573 include state prisons and county jails. (Pen. Code, § 4573, subd. (a).)

### 3. Cannabis Possession in Prison or Jail After Proposition 64

As we stated above, Penal Code section 4573.6(a) prohibits a person from possessing in jail "any controlled substances, the possession of which is prohibited by Division 10 (commencing with Section 11000) of the Health and Safety Code." After the passage of Proposition 64, cannabis remains a controlled substance listed in Schedule I. (§ 11054, subd. (d)(13).) However, after the passage of Proposition 64, possession and use of cannabis is legal in some circumstances but not legal in other circumstances. For example, a person who is at least 21 years old generally may possess and use up to 28.5 grams of cannabis. (§ 11362.1, subd. (a)(1) & (4).) However, it is illegal to possess cannabis on school grounds. (§§ 11362.3, subd. (a)(5), 11357, subd. (c).)

Section 11362.45, as enacted by Proposition 64 and as currently amended, provides that the general provision authorizing adult possession of cannabis "does not amend, repeal, affect, restrict, or preempt[] [¶] . . . [¶] . . . [l]aws pertaining to smoking or ingesting cannabis or cannabis products on the grounds of, or within, any" prison or jail. (§ 11362.45(d); see Pen. Code, § 4573, subd. (a).) The question in this case is whether Penal Code section 4573.6(a) is a "[l]aw[] pertaining to smoking or ingesting cannabis" in jail within the meaning of Health and Safety Code section 11362.45(d). If so, then Proposition 64 did "not amend, repeal, affect, restrict, or preempt" Penal Code section 4573.6(a), and possession of cannabis in jail remains a crime under that Penal Code provision.

### 4. Rules of Statutory Construction

The issue in this case requires us to construe the phrase "[l]aws pertaining to smoking or ingesting" cannabis in section 11362.45(d) as enacted by Proposition 64. " 'In interpreting a voter initiative . . . , we apply the same principles that govern statutory construction.' [Citation.] Where a law is adopted by the voters, 'their intent governs.' [Citation.] In determining that intent, 'we turn first to the language of the statute, giving the words their ordinary meaning.' [Citation.] But the statutory language must also be construed in the context of the statute as a whole and the overall statutory scheme. [Citation.] We apply a presumption, as we similarly do with regard to the Legislature, that the voters, in adopting an initiative, did so being 'aware of existing laws at the time the initiative was enacted.' [Citation.]" (*People v. Buycks* (2018) 5 Cal.5th 857, 879-880.) " 'Absent ambiguity, we presume that the voters intend the meaning apparent on the face of an initiative measure [citation] and the court may not add to the statute or rewrite it to conform to an assumed intent that is not apparent in its language.' [Citation.] Where there is ambiguity in the language of the measure, '[b]allot summaries and arguments may be considered when determining the voters' intent and understanding of a ballot measure' [Citation.]" (*Professional Engineers in California Government v. Kempton* (2007) 40 Cal.4th 1016, 1037.)

### 5. Analysis

Proposition 64's legalization of cannabis "does not amend, repeal, affect, restrict, or preempt" "[l]aws pertaining to smoking or ingesting" cannabis in prison or jail. (§ 11362.45(d).) For the following reasons, we determine that possession of cannabis in jail under Penal Code section 4573.6(a) is a "[l]aw[] pertaining to smoking or ingesting" cannabis in prison or jail under Health and Safety Code section 11362.45(d).

First, although Penal Code section 4573.6(a) prohibits "possession" of controlled substances in a penal institution and does not expressly address smoking or ingesting such substances, Health and Safety Code section 11362.45(d) carves out from

9

Proposition 64's legalization of cannabis "[l]aws *pertaining to* smoking or ingesting" cannabis in a penal institution. (§ 11362.45(d), italics added.) "Definitions of the term 'pertain' demonstrate its wide reach: It means 'to belong as an attribute, feature, or function' [citation], 'to have reference or relation; relate' [citation], '[b]e appropriate, related, or applicable to' [citation]." (*Perry*, *supra*, 32 Cal.App.5th at p. 891.) As the appellate court stated in *Perry*, in view of the "wide reach" of the phrase " 'pertaining to,' " "[w]e would be hard pressed to conclude that possession of cannabis is *unrelated* to smoking or ingesting the substance." (*Ibid.*; accord, *Whalum*, *supra*, 50 Cal.App.5th at pp. 11-12, petn. for review pending; contra, *Raybon*, *supra*, 36 Cal.App.5th at pp. 121-122 [" 'pertaining to' " smoking or ingesting cannabis includes "various forms of consumption" but not the "distinct activity" of possession], review granted.) Indeed, "[i]n the context of possession in prison, it is particularly obvious that possession must 'pertain' to smoking or ingesting. For what purpose would an inmate possess cannabis that was not meant to be smoked or ingested by anyone?" (*Perry*, *supra*, at p. 892.)

Second, three preceding subdivisions—(a), (b), and (c)—of section 11362.45 carve out from Proposition 64's legalization of cannabis certain laws "making it unlawful to," for example, drive while impaired by cannabis, or laws "prohibiting," for example, the sale of cannabis.[5] In subdivision (d) at issue here, instead of using the same language

---

[5] Subdivisions (a), (b), and (c) of section 11362.45 state: "Section 11362.1 does not amend, repeal, affect, restrict, or preempt:
"(a) *Laws making it unlawful* to drive or operate a vehicle, boat, vessel, or aircraft, while smoking, ingesting, or impaired by, cannabis or cannabis products, including, but not limited to, subdivision (e) of Section 23152 of the Vehicle Code, or the penalties prescribed for violating those laws.
"(b) *Laws prohibiting* the sale, administering, furnishing, or giving away of cannabis, cannabis products, or cannabis accessories, or the offering to sell, administer, furnish, or give away cannabis, cannabis products, or cannabis accessories to a person younger than 21 years of age.
"(c) *Laws prohibiting* a person younger than 21 years of age from engaging in any of the actions or conduct otherwise permitted under Section 11362.1." (Italics added.)

as the preceding three subdivisions to carve out laws *making it unlawful* to smoke or ingest cannabis or *prohibiting* the smoking or ingesting of cannabis, subdivision (d) carves out "[l]aws *pertaining to* smoking or ingesting" cannabis. (§ 11362.45(d), italics added.) The use of the phrase "pertaining to" in subdivision (d), in contrast to the language used in subdivisions (a) through (c), indicates an intent to carve out laws beyond those that only make unlawful or only prohibit the smoking or ingesting of cannabis. (§ 11362.45(d); see *Whalum*, *supra*, 50 Cal.App.5th at pp. 11-12, petn. for review pending.)

Third, it is significant that defendant has cited no law that expressly states that it is a crime to smoke or ingest cannabis in prison or jail. (See *Whalum*, *supra*, 50 Cal.App.5th at p. 6 ["We are unaware of any statute that explicitly states that it is a crime to use cannabis in prison"], petn. for review pending.) Rather, as we set forth above, the preexisting statutory scheme takes a " ' "prophylactic" ' " approach to "attack the ' "very presence" ' of [certain] items in the penal system" by prohibiting the possession and the bringing, furnishing or selling of alcohol, drugs, controlled substances, and/or paraphernalia in prisons and jails. (*Low*, *supra*, 49 Cal.4th at p. 388; see Pen. Code, §§ 4573, subd. (a), 4573.5, 4573.6, 4573.8, 4573.9, subd. (a).) Consequently, in order for section 11362.45(d), which carves out "[l]aws pertaining to smoking or ingesting" cannabis in prison or jail, to have *any* meaning in view of the preexisting statutory scheme, section 11362.45(d) must be construed as having a broader application than to just a law that expressly prohibits the smoking or ingesting of cannabis in prison or jail, as no such law exists. In this context, and in view of the wide application of section 11362.45(d) with its "pertaining to" language, the only reasonable construction of section 11362.45(d)'s carve out is that it encompasses a law "pertaining to smoking or ingesting" cannabis in prison or jail, such as Penal Code section 4573.6's prohibition on the possession of controlled substances in prison or jail. (See *Whalum*, *supra*, at p. 13, petn. for review pending.)

11

We find defendant's arguments to the contrary unpersuasive. For example, defendant contends that if section 11362.45(d) was intended to apply to possession of cannabis, it could have expressly stated so, as Proposition 64 expressly refers to possession in other provisions. (See, e.g., §§ 11362.1, subd. (a)(1), (2), (3) & (5), 11362.3, subd. (a)(4) & (5),[6] 11362.45, subd. (f).[7]) Defendant also argues that if section 11362.45(d) was intended to apply more broadly beyond smoking or ingesting, it could have used the phrase "pertaining to marijuana," as reflected in another part of Proposition 64. (See, e.g., Voter Information Guide, text of Prop. 64, § 3(r), p. 180 [intent in enacting Proposition 64 included to "[a]llow public and private employers to enact and enforce workplace policies pertaining to marijuana"].) As we have explained, however, given the broad reach of the phrase "pertaining to" and the absence of a law expressly making it a crime to smoke or ingest cannabis in prison or jail, the only reasonable construction of the carve out described in section 11362.45(d) is that it encompasses the possession of cannabis in prison or jail.

Defendant also argues that the text of Proposition 64 and the Voter Information Guide reflect the voters' intent to decriminalize possession of a small amount of cannabis even in prison or jail. However, other than the text of section 11362.45(d) itself, nothing

---

[6] Section 11362.3 states: "(a) Section 11362.1 does not permit any person to: [¶] . . . [¶]

"(4) Possess an open container or open package of cannabis or cannabis products while driving, operating, or riding in the passenger seat or compartment of a motor vehicle, boat, vessel, aircraft, or other vehicle used for transportation.

"(5) Possess, smoke, or ingest cannabis or cannabis products in or upon the grounds of a school, day care center, or youth center while children are present."

[7] Section 11362.45, subdivision (f) states: "The rights and obligations of public and private employers to maintain a drug and alcohol free workplace or require an employer to permit or accommodate the use, consumption, possession, transfer, display, transportation, sale, or growth of cannabis in the workplace, or affect the ability of employers to have policies prohibiting the use of cannabis by employees and prospective employees, or prevent employers from complying with state or federal law."

in Proposition 64 or the Voter Information Guide addressed the issue of cannabis in prison or jail. "Thus, there is nothing in the ballot materials for Proposition 64 to suggest the voters were alerted to or aware of any potential impact of the measure on cannabis in correctional institutions, much less that the voters intended to alter existing proscriptions against the possession or use of cannabis in those institutions." (*Perry*, *supra*, 32 Cal.App.5th at p. 895; see *Whalum*, *supra*, 50 Cal.App.5th at pp. 14-15, petn. for review pending.) To the contrary, "[i]t is apparent that Proposition 64, in sections 11362.1 and 11362.45, was intended to maintain the status quo with respect to the legal status of cannabis in prison." (*Perry*, *supra*, at pp. 892-893.)

Defendant further contends that because possession of a small amount of cannabis is no longer prohibited under section 11357, it is no longer a crime to possess cannabis in prison or jail under Penal Code section 4573.6, because the latter statute is dependent on the former. He argues that his interpretation "aligns with the analysis" in *Fenton*, *supra*, 20 Cal.App.4th 965.

In *Fenton*, the defendant was convicted of violating Penal Code section 4573, which prohibits bringing into a jail "any controlled substance, the possession of which is prohibited by Division 10 (commencing with Section 11000) of the Health and Safety Code." (Pen. Code, § 4573, subd. (a); see *Fenton*, *supra*, 20 Cal.App.4th at p. 966) Section 11350, subdivision (a) prohibits possession of specified controlled substances "unless upon the written prescription of a physician." The appellate court in *Fenton* concluded that the defendant had not violated Penal Code section 4573 because he had a physician's prescription. (*Fenton*, *supra*, at pp. 966-967, 971.) The appellate court explained that "the reference [in Penal Code section 4573] to division 10 must include the prescription exception because [Penal Code] section 4573 imports the prohibition against possession of controlled substances not the list of controlled substances. Thus, the 'plain meaning' of the statute is that one may bring controlled substances into a penal institution if an exception contained in division 10 applies. Here, one does. Health and Safety Code

section 11350 does not prohibit possession of a controlled substance with a prescription." (*Id.* at p. 969.)

In this case, defendant contends that he similarly did not violate Penal Code section 4573.6, which prohibits possession in jail of "any controlled substances, the possession of which is prohibited by Division 10 (commencing with Section 11000) of the Health and Safety Code," because after Proposition 64, the possession of a small amount of cannabis is no longer prohibited by Health and Safety Code section 11357.

As explained in *Perry*, however, "the *Fenton* court simply interpreted Penal Code section 4573 as 'permit[ting] controlled substances to be in penal institutions under proper circumstances.' (*Fenton*, *supra*, 20 Cal.App.4th at p. 969.) This interpretation did not conflict with any other provision of law." (*Perry*, *supra*, 32 Cal.App.5th at p. 894.)

In the case before us, however, "a conclusion that division 10 does not prohibit the possession of up to 28.5 grams of cannabis for purposes of Penal Code section 4573.6 would make meaningless the express provision of Proposition 64 that its legalization of cannabis did not 'amend, repeal, affect, restrict, or preempt: [¶] . . . [¶] . . . [l]aws pertaining to smoking or ingesting cannabis' in penal institutions. (§ 11362.45, subd. (d).)" (*Perry*, *supra*, 32 Cal.App.5th at p. 894.) Although "the definition of in-custody offenses in Penal Code section 4573.6 . . . by reference to possession prohibited by division 10 has become more complicated since Proposition 64 with respect to cannabis, a matter that might warrant Legislative attention" (*id.* at pp. 895-896, fn. omitted), we believe that based on the broad language of section 11362.45(d) (laws "pertaining to" smoking or ingesting cannabis), and in view of the statutory scheme with its " ' "prophylactic" ' measures that attack the ' "very presence" ' " of drugs and other contraband in custody (*Low*, *supra*, 49 Cal.4th at p. 388), possession of cannabis in prison or jail remains a crime under Penal Code section 4573.6(a).

In sum, we conclude that possession of a controlled substance in jail under Penal Code section 4573.6(a) is a "[l]aw[] pertaining to smoking or ingesting" cannabis in

prison or jail (§ 11362.45(d)).  Defendant was therefore properly convicted of violating Penal Code section 4573.6(a) for possession of cannabis in jail.

**B.** *Prior Prison Term Enhancements*

Defendant contends that two prior prison term enhancements must be stricken based on recent legislation (see Pen. Code, § 667.5, subd. (b)), and that the third prior prison term enhancement should have been stricken, not stayed, by the trial court under Penal Code section 1385.  The Attorney General concedes that the new legislation, effective January 1, 2020, applies retroactively to defendant, and that all three prior prison term enhancements should be stricken in light of that new legislation.  The Attorney General argues that the matter should be remanded to the trial court with directions to strike the prior prison term enhancements and to resentence defendant.

Penal Code section 667.5, subdivision (b) was amended after defendant was sentenced.  (See *People v. Lopez* (2019) 42 Cal.App.5th 337, 340, 341 (*Lopez*).)  Effective January 1, 2020, the one-year enhancement in Penal Code section 667.5, subdivision (b) applies only if the defendant's prior prison term was "for a sexually violent offense as defined in subdivision (b) of Section 6600 of the Welfare and Institutions Code."  (See *Lopez, supra*, at p. 341.)  The amendment applies retroactively to defendants whose judgments are not yet final.  (*Lopez, supra*, at pp. 341-342; *People v. Jennings* (2019) 42 Cal.App.5th 664, 681-682 (*Jennings*); *People v. Petri* (2020) 45 Cal.App.5th 82, 93-94.)

Defendant's case was not final on the effective date of the amendment, and therefore the amendment applies to him.  His three prior prison terms were for robbery (Pen. Code, § 211), possession of a weapon in a penal institution (*id.*, § 4502), and carrying a concealed dirk or dagger (*id.*, § 21310), none of which is a sexually violent offense.  (See Welf. & Inst. Code, § 6600, subd. (b).)  We will remand the matter with directions to strike the three prior prison term enhancements and resentence defendant.

(See *Jennings*, *supra*, 42 Cal.App.5th at p. 682; *People v. Keene* (2019) 43 Cal.App.5th 861, 865.)

### C. *Restitution Fine*

Defendant contends that the trial court stayed a $300 restitution fine pursuant to *People v. Duenas* (2019) 30 Cal.App.5th 1157, but that the abstract of judgment incorrectly reflects imposition of the fine without it being stayed. He argues that the abstract of judgment must be corrected.

The Attorney General contends that the trial court improperly stayed the restitution fine and other amounts "until and unless the People demonstrate the defendant has the ability to pay" the amounts. The Attorney General argues that defendant, not the prosecution, has the burden of raising the issue of inability to pay and to present evidence of his inability to pay. The Attorney General contends that the trial court should reconsider on remand whether defendant has demonstrated an inability to pay.

In reply, defendant contends that the Attorney General's claim of error has been forfeited.

Because we must remand the matter for resentencing, the parties may raise these sentencing issues before the trial court on remand.

### IV. DISPOSITION

The judgment is reversed, and the matter is remanded with directions to strike the three prison prior enhancements (Pen. Code, § 667.5, subd. (b)) and resentence defendant.

_____
BAMATTRE-MANOUKIAN, J.


WE CONCUR:




_____
PREMO, ACTING P.J.




_____
ELIA, J.




***People v. Herrera***
**H046631**

Trial Court:                                Monterey County
Superior Court No.:  17CR00630


Trial Judge:                                The Honorable Pamela L. Butler


Attorney for Defendant and Appellant        Joy A. Maulitz
Jesse Herrera:                              under appointment by the Court
                                            of Appeal for Appellant


Attorneys for Plaintiff and Respondent      Xavier Becerra
The People:                                 Attorney General

                                            Lance E. Winters,
                                            Chief Assistant Attorney General

                                            Jeffrey M. Laurence,
                                            Senior Assistant Attorney General

                                            Eric D. Shade,
                                            Supervising Deputy Attorney General

                                            Alisha M. Carlile,
                                            Deputy Attorney General

*People v. Herrera*
**H046631**