Filed 11/24/20  P. v. Jones CA1/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| THE PEOPLE,<br>        Plaintiff and Respondent,<br><br>v.<br><br>RICKY JONES,<br>        Defendant and Appellant. | A158367<br><br>(Solano County Super.<br> Ct. No. FCR273455) |

Defendant Ricky Jones appeals from the trial court's denial of his petition for recall of his two-year sentence for possession of marijuana in a prison facility and for dismissal of his case.  He argued below that as a result of Proposition 64, the "Control, Regulate and Tax Adult Use of Marijuana Act" adopted by voters in November 2016, possession of up to 28.5 grams of cannabis in a prison facility has been decriminalized, and that he was entitled to retroactive relief under Health and Safety Code section 11361.8, which was adopted as part of Proposition 64.

On appeal, Jones, aware that this court held in *People v. Perry* (2019) 32 Cal.App.5th 885 (*Perry*) that possession in a prison facility has not been decriminalized under Proposition 64, asks that we reconsider our holding in light of a subsequent case, *People v. Raybon* (2019) 36 Cal.App.5th 111 (*Raybon*), review granted August 21, 2019, S256978, which held such possession was decriminalized under Proposition 64.  We decline to do so,

1

particularly in light of two other recent cases that our Supreme Court has taken up for review with *Raybon*, *People v. Whalum* (2020) 50 Cal.App.5th 1 (*Whalum*), review granted August 12, 2020, S262935, and *People v. Herrera* (2020) 52 Cal.App.5th 982 (*Herrera*), review granted October 14, 2020, S264339, which agree with *Perry* and further convince us of the correctness of its holding.

The order appealed from is affirmed.

## BACKGROUND

In January 2010, the Solano County District Attorney filed a criminal complaint alleging that Jones was in possession of marijuana while confined at the California Medical Facility in Vacaville, California, in violation of Penal Code section 4573.6. Jones pleaded no contest and was convicted. The court imposed a two-year sentence, which Jones was to serve consecutively to his commitment offenses.

In August 2019, Jones petitioned for recall of this two-year sentence under Health and Safety Code section 11361.8.[1] He argued that *Raybon* correctly held that as a result of Proposition 64, possession of up to 28.5 grams of cannabis in a prison facility has been decriminalized. The People opposed Jones's petition. They relied on Health and Safety Code section 11362.45, subdivision (d), part of Proposition 64, which expressly provides that Proposition 64 does not "amend, repeal, affect, restrict or preempt" criminal statutes "pertaining to" "smoking or ingesting cannabis"

---

[1] Health and Safety Code section 11361.8, subdivision (a) provides: "A person currently serving a sentence for a conviction . . . who would not have been guilty of an offense, or who would have been guilty of a lesser offense under the Control, Regulate and Tax Adult Use of Marijuana Act had that act been in effect at the time of the offense may petition for a recall or dismissal of sentence before the trial court that entered the judgment of conviction in his or her case to request resentencing or dismissal . . . ."

on state prison grounds.  The People argued this includes Penal Code

section 4573.6 (under which Jones was convicted), as this court held in *Perry*.

The court ruled that, although it "probably" would agree with *Raybon* if

sitting on an appellate court, it would defer to this court's ruling in *Perry*, and

denied the petition.  Jones filed a timely notice of appeal.

### DISCUSSION

While the *Raybon* court disagreed with our analysis and holding in

*Perry*, the *Whalum* and *Herrera* courts agreed with us, and added to the

analysis.  In light of the Supreme Court's pending review of *Raybon*, *Whalum*

and *Herrera*, we will only briefly discuss the relevant aspects of this case law.

In *Perry*, we addressed whether an inmate's conviction for possessing

cannabis in prison under Penal Code section 4573.6[2] was subject to dismissal

after the adoption of Proposition 64.  (*Perry*, *supra*, 32 Cal.App.5th at p. 890.)

Proposition 64 legalized possession of not more than 28.5 grams of cannabis,

subject to exceptions listed in Health and Safety Code section 11362.45,

including for " '[l]aws *pertaining* to smoking or ingesting  cannabis or

cannabis [products].' " (*Perry*, at p. 892, quoting Health & Safety Code,

§ 11362.45, subd. (d).)  Focusing on the dictionary definition of the word

"pertain," we concluded the phrase "pertaining to" has "wide reach." (*Perry*,

---

[2] Penal Code section 4573.6, subdivision (a) states in relevant part:
"Any person who knowingly has in his or her possession in any state
prison . . . or any place where prisoners of the state are located under the
custody of prison officials, officers, or employees . . . any controlled
substances, the possession of which is prohibited by Division 10 (commencing
with Section 11000) of the Health and Safety Code, . . . without being
authorized to so possess the same by the rules of the Department of
Corrections, rules of the prison . . . or place, or by the specific authorization of
the warden, superintendent, jailer, or other person in charge of the prison . . .
or place, is guilty of a felony punishable by imprisonment pursuant to
subdivision (h) of Section 1170 for two, three, or four years."

at p. 891.)  Further, we opined that the concepts of possession and use are closely related in "the context of possession in prison," where "it is particularly obvious that possession must 'pertain' to smoking or ingesting." (*Id*. at p. 892.)  We asked, "For what purpose would an inmate possess cannabis that was not meant to be smoked or ingested by anyone?"  (*Ibid*.)

Perry, who, like Jones, petitioned for relief under Health and Safety Code section 11361.8, argued "that Penal Code section 4573.6 no longer applies to possession by an adult in prison of not more than 28.5 grams of cannabis because the offense is defined by reference to 'controlled substances, the possession of which is prohibited by Division 10,' and Proposition 64, by its amendment of [Health and Safety Code] section 11357, eliminated the prohibition against such possession that previously existed in division 10." (*Perry*, *supra*, 32 Cal.App.5th at pp. 893, 888.)  We rejected this argument: "Here, a conclusion that division 10 [of the Health and Safety Code] does not prohibit the possession of not more than 28.5 grams of cannabis for purposes of Penal Code section 4573.6 would make meaningless the express provision of Proposition 64 that its legalization of cannabis did not 'amend, repeal, affect, restrict, or preempt: [¶] . . . [¶] . . . [l]aws pertaining to smoking or ingesting cannabis' in penal institutions." (*Id*. at p. 894.)  By contrast, interpreting the language of Penal Code section 4573.6 ("controlled substances, the possession of which is prohibited by Division 10") as including possession of cannabis in prison, "does no violence to the words of the" statute.  (*Perry*, at p. 896.)  "Cannabis remains a controlled substance under division 10.  Under the Health and Safety Code provisions affected by Proposition 64, all of which are part of division 10, cannabis possession is prohibited in a number of specific circumstances and its possession or use in penal institutions is excluded from the initiative's affirmative legalization

4

provision." (*Ibid*.) We concluded that Proposition 64 "did not affect any existing prohibitions against the possession of marijuana *in prison* or otherwise affect the operation of Penal Code section 4573.6." (*Perry*, at p. 890.)

In *Raybon*, the Third Appellate District also addressed whether possession of cannabis in prison remains a crime after the passage of Proposition 64, and it reached the opposite conclusion. The *Raybon* court concluded that "the plain language" of Health and Safety Code section 11362.1,[3] enacted as part of Proposition 64, compelled a finding that "possession of less than an ounce of cannabis in prison is no longer a felony." (*Raybon*, *supra*, 36 Cal.App.5th at p. 113.) The court, finding support in *People v. Fenton* (1993) 20 Cal.App.4th 965 and *People v. Harris* (2006) 145 Cal.App.4th 1456, rejected many of the arguments the Attorney General asserted as "at odds with the plain meaning" of the Penal Code statutes governing possession of controlled substances in prison, such as Penal Code section 4573. (*Raybon*, at pp. 116-117.) Regarding the "[l]aws pertaining to smoking or ingesting cannabis" exception in section 11362.45, subdivision (d), the court rejected the argument that the "drafters of Proposition 64 intended to include possession not by naming it, but by the use of a tangential reference 'pertaining to.' " (*Id*. at p. 121.) The court found no ambiguity in the subdivision, and continued, "[I]t stretches the imagination to conclude that the drafters listed two distinct activities, 'smoking or ingesting,' intending to include a third distinct activity, possession, by using the vague

---

[3] Health and Safety Code section 11362.1 states in relevant part: "(a) Subject to Section[] . . . 11362.45, but notwithstanding any other provision of law, it shall be lawful under state and local law, and shall not be a violation of state or local law, for persons 21 years of age or older to: [¶] (1) Possess . . . not more than 28.5 grams of cannabis not in the form of concentrated cannabis."

reference 'pertaining to.' " (*Ibid*.) It rejected the Attorney General's public policy arguments and his claim that allowing the possession of small amounts of cannabis in prison would lead to absurd results in the face of the electorate's will and "clear intent." (*Id*. at p. 124.) It rejected his concerns about the loss of control over correctional facilities resulting from the decriminalization of cannabis in prisons because "rules prohibiting the possession of cannabis can be established and managed administratively." (*Id*. at p. 119.)

In *Whalum*, the Fourth Appellate District addressed a similar issue, i.e., whether an inmate convicted of Penal Code section 4573.8, which prohibits possession of "drugs in any manner" in prison, was eligible for relief under Health and Safety Code section 11361.8. (*Whalum*, *supra*, 50 Cal.App.5th at p. 3.) The *Whalum* court affirmed the denial of relief to the inmate, concluding a conviction under Penal Code section 4573.8 remained a felony after Proposition 64. (*Whalum*, at p. 3.) The court agreed with *Perry* that "Proposition 64 did not affect laws specifically directed at criminalizing the possession of cannabis as contraband in a correctional institution." (*Whalum*, at p. 5.) It further "agree[d] with *Perry*'s analysis regarding the scope of the carve out in [Health and Safety Code] section 11362.45, subdivision (d), and . . . accordingly conclude[d] that Proposition 64 does not affect laws, including Penal Code section 4573.8, which make it a crime to possess cannabis in a correctional institution." (*Id*. at p. 10.)

Most notably, the *Whalum* court added in two significant respects to the analysis in *Perry* that the scope of the reference to "[l]aws pertaining to smoking or ingesting cannabis" in Health and Safety Code section 11362.45, subdivision (d) extends to laws regarding possession of cannabis in prison. First, the *Whalum* court pointed out that "[t]he role of the phrase 'pertaining

6

to' in section 11362.45, subdivision (d) as signaling a *relation* rather than an *exact correspondence* is highlighted by the different statutory language in other subdivisions of section 11362.45. Several of those subdivisions identify carve-outs for laws 'prohibiting' or 'making unlawful certain conduct. Specifically, those subdivisions refer to '[l]aws *making it unlawful* to drive or operate a vehicle, boat, vessel, or aircraft, while smoking, ingesting, or impaired by, cannabis or cannabis products' (§ 11362.45, subd. (a), italics added), '[l]aws *prohibiting* the sale, administering, furnishing, or giving away' of cannabis to a person under 21 years of age (§ 11362.45, subd. (b), italics added), and '[l]aws *prohibiting* a person younger than 21 years of age from engaging in any of the actions or conduct otherwise permitted under Section 11362.1' (§ 11362.45, subd. (c), italics added). In section 11362.45, subdivision (d) the drafters of Proposition 64 easily could have, but did not, use the phrase 'laws *prohibiting* smoking or ingesting cannabis' in a correctional institution or 'laws *making it unlawful* to smoke or ingest cannabis' in a correctional institution, which would have tracked the language in the three preceding carve-outs. Instead, section 11362.45, subdivision (d) uses the term 'pertaining to,' signaling an intent to broadly encompass laws that have only *a relation to* smoking or ingesting cannabis in a correctional institution, rather than strictly limiting the carve-out to laws that 'prohibit' or 'make unlawful' the act of smoking or ingesting cannabis." (*Whalum*, *supra*, 50 Cal.App.5th at pp. 11-12.)

Second, the *Whalum* court pointed out that section 11362.45, subdivision (d) must be considered in the context of the larger statutory scheme involved, which included a "prophylactic" approach to prohibiting prisoners' use of controlled substances. (*Whalum*, *supra*, 50 Cal.App.5th at p. 13.) The court noted: "We are unaware of any statute that explicitly states

7

that it is a crime to use cannabis in prison. Instead, as case law has observed, although '[o]bviously, the ultimate evil with which the Legislature was concerned was drug use by prisoners,' the Legislature ' "chose to take a prophylactic approach to the problem by attacking the very presence of drugs and drug paraphernalia in prisons and jails." ' (*People v. Harris*[, *supra*,] 145 Cal.App.4th [at p.] 1461), quoting *People v. Gutierrez* (1997) 52 Cal.App.4th 380, 386.) Accordingly, the Legislature enacted specific laws criminalizing the act of possessing drugs and drug paraphernalia in prison (Pen. Code, §§ 4573.6, 4573.8), and the acts of selling, furnishing or smuggling such items in prison (*id.*, §§ 4573, 4573.5, 4573.9). As our Supreme Court has observed, the laws making it a crime to possess, smuggle, sell and furnish drugs in prison 'flow from the assumption that drugs, weapons, and other contraband promote disruptive and violent acts in custody, including gang involvement in the drug trade. Hence, these provisions are viewed as " 'prophylactic' " measures that attack the " 'very presence' " of such items in the penal system.' (*People v. Low* (2010) 49 Cal.4th 372, 388.)" (*Id.* at p. 6.)

The *Whalum* court further concluded that, since "[t]he electorate is generally presumed to be aware of existing laws when adopting an initiative," it should "presume the electorate understood that no statute existed at the time it adopted Proposition 64 that specifically made it a crime to *smoke or ingest cannabis* in a correctional institution. Instead, the Legislature took the prophylactic approach of enacting statutes criminalizing possession, smuggling and drug trafficking in correction institutions. [Citation.] If the carve-out for 'laws pertaining to smoking or ingesting cannabis' in correctional institutions is to have any meaning at all in light of the preexisting statutory landscape, it must necessarily be intended as a carve-

8

out of laws criminalizing the *possession* of cannabis in such a setting. When section 11362.45, subdivision (d) is construed as carving out only laws that criminalize *smoking or ingesting* cannabis in custodial institutions, it is an empty provision that does not serve to carve out *any* preexisting law from being 'amend[ed], repeal[ed], affect[ed], restrict[ed], or preempt[ed].' (§ 11362.45.)" (*Whalum, supra,* 50 Cal.App.5th at p. 13.)

We agree with the *Whalum* court's additional analysis. It further convinces us of the correctness of our holding in *Perry*.

Finally, in *Herrera*, the Sixth Appellate District also addressed whether Penal Code section 4573.6 remains a felony after the adoption of Proposition 64. The court agreed with the analyses and holdings in *Perry* and *Whalum* and rejected that in *Raybon*. (*Herrera, supra*, 52 Cal.App.5th at pp. 985, 987.) As we concluded in *Perry*, the *Herrera* court determined that the scope of Health and Safety Code section 11362.45, subdivision (d) extended to possession of cannabis in a penal institution, the subject of Penal Code section 4573.6. (*Herrera*, at p. 990.) Specifically, the court held that, because Penal Code section 4573.6, subdivision (a) is a " '[l]aw[] pertaining to smoking or ingesting cannabis' in jail within the meaning of Health and Safety Code section 11362.45[, subdivision] (d)," "Proposition 64 did 'not amend, repeal, affect, restrict, or preempt' Penal Code section 4573.6[, subdivision] (a), and possession of cannabis in jail remains a crime under that Penal Code provision." (*Herrera*, at p. 990.)

In short, we reaffirm our holding in *Perry*, buttressed by *Whalum* and *Herrera*, and decline to reconsider our holding in favor of *Raybon*.[4]

---

[4] In his reply brief, Jones also pleads with this court to consider the COVID-19 pandemic and grant him relief in light of the substantial deference we generally accord to prison officials to impose administrative penalties for marijuana use and in light of our inherent powers to grant procedural relief.

**DISPOSITION**

The order appealed from is affirmed.

---

Although we have great sympathy for the plight of prisoners such as Jones who may face hazardous conditions beyond their control in prison, we have no legal authority to grant such relief here, which involves a purely legal question regarding the will of the electorate. Jones's application for judicial notice of certain documents, filed on July 20, 2020, is denied for failure to include the documents in the application. (Cal. Rules of Court, rule 8.252(a)(3).) On its own motion, the court takes judicial notice under Evidence Code sections 459 and 452, subdivision (g) of the COVID-19 pandemic and the dangers it poses to all Californians, including prisoners, in general.

 

 

_____

STEWART, J.

We concur.

_____

KLINE, P.J.

_____

MILLER, J.

*People v. Jones* (A158367)

11