Filed 1/15/21  P. v. Smith CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA


| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>JUSTIN SMITH,<br><br>    Defendant and Appellant. | D076620<br><br><br>(Super. Ct. No. JCF32515) |


APPEAL from an order of the Superior Court of Imperial County, Marco D. Nunes, Poli Flores, Judges.  Affirmed.

Justin Andrew Behravesh, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Lance E. Winters and Julie L. Garland, Assistant Attorneys General, Charles C. Ragland and Amanda Leigh Lloyd, Deputy Attorneys General,  for Plaintiff and Respondent.

In 2014, Justin Smith pleaded no contest to one count of knowingly possessing controlled substances in a prison facility (Pen. Code, § 4573.6). Under his plea, the People dismissed other allegations as well as a count alleging Smith brought drugs into prison (Pen. Code, § 4573), and Smith

admitted he suffered one prior strike conviction. Smith agreed to serve a term of four years to run consecutively to the prison term he was already serving. The trial court denied probation and sentenced Smith accordingly, imposing a two-year low term doubled to four years for the strike prior conviction and imposing various fines and fees.

In 2019, Smith petitioned the court under Health and Safety Code[1] section 11361.8, subdivision (a) to recall his sentence and dismiss his case under Proposition 64, arguing his Penal Code section 4573.6 offense was no longer a felony under section 11362.1, which decriminalizes possession of specified amounts of cannabis. (Prop. 64, § 4.4, approved Nov. 8, 2016, eff. Nov. 9, 2016; amended by Stats. 2017, ch. 27, § 129.) Finding *People v. Perry* (2019) 32 Cal.App.5th 885, 888 (*Perry*) persuasive and dispositive, the court denied the petition. Smith contends this court should not follow *Perry* but instead direct the trial court to grant the petition under *People v. Raybon* (2019) 36 Cal.App.5th 111 (*Raybon*), review granted Aug. 21, 2019, S256978, which he asserts is the better reasoned authority.

We conclude the trial court correctly denied the petition because Proposition 64 does not affect the Penal Code section 4573.6 offense of possessing unauthorized cannabis in prison, which remains a felony. We affirm the order.

---

[1] Undesignated statutory references are to the Health and Safety Code.

2

FACTUAL AND PROCEDURAL BACKGROUND[2]

In March 2012, Smith, an inmate at Calipatria State Prison, was found with a bindle of cannabis[3] after a correctional sergeant observed a suspicious interaction between Smith and a visitor.  Smith pleaded no contest to the Penal Code section 4573.6 violation in 2014 and the court sentenced him as indicated above.

In 2016, California voters passed Proposition 64, which decriminalized the possession of less than 28.5 grams (approximately one ounce) of cannabis for persons age 21 or older.  (Prop. 64; § 11362.1, subd. (a); *Perry*, *supra*, 32 Cal.App.5th at pp. 888-890; *Raybon*, *supra*, 36 Cal.App.5th at p. 114, rev. gr.)

In an ensuing petition to recall his sentence and dismiss his Penal Code section 4573.6 conviction, Smith argued that under *Raybon*, and after Proposition 64, possession of less than one ounce of cannabis in prison is no longer a felony.  In opposition, the People argued Penal Code section 4573.6 remained a felony; that *Perry* held the clear intent of section 11362.45, subdivision (d) was that Proposition 64 sought to leave intact existing restrictions on possession of cannabis in prison.  Smith replied by encouraging the trial court to follow *People v. Fenton* (1993) 20 Cal.App.4th 965 and *People v. Harris* (2006) 145 Cal.App.4th 1456,[4] on which *Raybon*

---

[2]    We take the brief background from the grand jury transcript, which the trial court used to find a factual basis for Smith's plea.

[3]    In 2017, the Legislature replaced references to "marijuana" in the Health and Safety Code with the term "cannabis."  (See, e.g., Stats. 2017, ch. 27, § 121, eff. June 27, 2017.)  We adopt the Legislature's terminology.

[4]    *Fenton* addressed Penal Code section 4573, which prohibits bringing into a jail " 'any controlled substance, the possession of which is prohibited

relied.  (See *Raybon*, *supra*, 36 Cal.App.5th at pp. 117-119, rev. gr.)  The court denied Smith's petition, concluding *Perry* was "more persuasive and dispositive of the issue" and that Proposition 64 did not "envelop[ ] protection for this particular offense so, therefore, [defendant was] not afforded [its] protection . . . ."  Smith obtained a certificate of probable cause to pursue this appeal.

## DISCUSSION

### I. *Proposition 64*

Proposition 64 decriminalized the possession of small quantities of cannabis for specified persons, including by adding section 11362.1, which provides in part:  "Subject to Section[ ] . . . 11362.45, but notwithstanding any other provision of law, it shall be lawful under state and local law, and shall not be a violation of state or local law, for persons 21 years of age or older to: [¶]  (1) Possess . . . not more than 28.5 grams of cannabis not in the form of concentrated cannabis."  (§ 11362.1, subd. (a); *Perry*, *supra*, 32 Cal.App.5th at pp. 889-890.)  Section 11362.45, subdivision (d) addresses cannabis in prison, and provides that section 11362.1 "does not amend, repeal, affect, restrict, or preempt:  [¶]  . . .  [¶]  . . . [l]aws pertaining to smoking or ingesting cannabis or cannabis [products] on the grounds of, or within, any facility or institution under the jurisdiction of the Department of Corrections and

---

by Division 10 (commencing with Section 11000) of the Health and Safety Code,' " holding the defendant did not violate that law because he possessed a physician's prescription. (*People v. Fenton*, *supra*, 20 Cal.App.4th at pp. 966-967, 971.)  The court in *Harris*, applying rules of statutory interpretation and in part following *Fenton*, agreed that insufficient evidence supported a defendant's conviction for violating Penal Code section 4573.5, prohibiting bringing "drugs 'other than controlled substances' " into a correctional facility, because the statute did not apply to the " 'medical marijuana' " the defendant brought into the prison and had a right to possess. (*People v. Harris*, *supra*, 145 Cal.App.4th at pp. 1460-1462, 1465-1467.)

4

Rehabilitation . . . ."  (§ 11362.45, subd. (d).)  This latter section has been described as an exception or "carve out" from Proposition 64's legalization.  (See *People v. Whalum* (2020) 50 Cal.App.5th 1, 9, review granted Aug. 12, 2020, S262935.)

Section 11361.8 permits a person serving a sentence for a conviction affected by Proposition 64 to petition for recall or dismissal of his or her sentence.  (§ 11361.8, subd. (a).)  A court must presume the petitioner satisfies the criteria in subdivision (a)—that he or she would not have been guilty of an offense or would have been guilty of a lesser offense had Proposition 64 been in effect at the time of the offense—unless the opposing party proves by clear and convincing evidence the petitioner does not satisfy the criteria.  (*Ibid*.)  "If the petitioner satisfies the criteria in subdivision (a), the court shall grant the petition to recall the sentence or dismiss the sentence because it is legally invalid unless the court determines that granting the petition would pose an unreasonable risk of danger to public safety."  (§ 11361.8, subd. (b).)

Smith pleaded no contest to a violation of Penal Code section 4573.6, which provides in part:  "Any person who knowingly has in his or her possession in any state prison . . . any controlled substances, the possession of which is prohibited by Division 10 (commencing with Section 11000) of the Health and Safety Code . . . or paraphernalia intended to be used for unlawfully injecting or consuming controlled substances, without being authorized to so possess the same by the rules of the Department of Corrections . . . is guilty of a felony punishable by imprisonment pursuant to subdivision (h) of [Penal Code] Section 1170 for two, three, or four years."  (Pen. Code, § 4573.6, subd. (a).)

5

Whether Smith is eligible for relief under section 11361.8, subdivision (a) is a question of statutory interpretation. (*People v. Whalum, supra,* 50 Cal.App.5th at p. 9, rev. gr.; *Raybon, supra,* 36 Cal.App.5th at p. 113, rev. gr.) Our review is de novo. (*Raybon,* at p. 113.)

## II.  Perry *and* Raybon

In *Perry*, the First District Court of Appeal addressed the impact of Proposition 64 in the scenario presented here: an inmate's no contest plea to possessing cannabis in prison under Penal Code section 4573.6. (*Perry, supra,* 32 Cal.App.5th at p. 887.)  Applying settled principles of statutory construction to the voter initiative (*id.* at p. 891), *Perry* held that while the exception of section 11362.45 did not expressly refer to "possession," its application to possession was implied by its use of the broad phrase " '[l]aws *pertaining to* smoking or ingesting cannabis.' " (*Ibid.*)  In response to the defendant's argument that possession was "not necessarily an inherent aspect of smoking or ingesting [cannabis]," the court in *Perry* found the concepts of possession and use were related, noting in "the context of possession in prison, it is particularly obvious that possession must 'pertain' to smoking or ingesting." (*Id.* at p. 892.)

*Perry* also rejected the defendant's argument that Penal Code section 4573.6 no longer applied to possession of 28.5 grams or less of cannabis in prison based on the law's reference to division 10 of the Health and Safety Code. (*Perry, supra,* 32 Cal.App.5th at p. 893.)  The defendant argued that result followed because Penal Code section 4573.6 "is defined by reference to 'controlled substances, the possession of which is prohibited by Division 10,' and Proposition 64, by its amendment of [Health and Safety Code] section 11357, eliminated the prohibition against such possession that previously existed in division 10." (*Id.* at p. 893.)  The court held that position would

6

render the section 11362.45 exception meaningless: "[A] conclusion that division 10 [of the Health and Safety Code] does not prohibit the possession of not more than 28.5 grams of cannabis for purposes of Penal Code section 4573.6 would make meaningless the express provision of Proposition 64 that its legalization of cannabis did not 'amend, repeal, affect, restrict, or preempt: [¶] . . . [¶] . . . [l]aws pertaining to smoking or ingesting cannabis' in penal institutions." (*Perry*, at p. 894.) It pointed out that cannabis remains a controlled substance under division 10 and "[u]nder the Health and Safety Code provisions affected by Proposition 64, all of which are part of division 10, cannabis possession is prohibited in a number of specific circumstances and its possession or use in penal institutions is excluded from the initiative's affirmative legalization provision." (*Id*. at p. 896.)

The Third District Court of Appeal in *Raybon* reached a different conclusion. It held the plain language of section 11362.1 compelled a finding that possession of less than an ounce of cannabis in prison is no longer a felony. (*Raybon*, *supra*, 36 Cal.App.5th at p. 113, rev. gr.) Addressing the scope of the section 11362.45, subdivision (d) exception, the court rejected the notion that the "drafters of Proposition 64 intended to include possession not by naming it, but by the use of a tangential reference 'pertaining to.' " (*Raybon*, at p. 121.) The Court of Appeal asserted "it stretches the imagination to conclude that the drafters listed two distinct activities, 'smoking or ingesting,' intending to include a third distinct activity, possession, by using the vague reference 'pertaining to.' " (*Ibid*.) The court declined to "undermine the will of the electorate" and "disregard the voters' clear intent" by adopting the Attorney General's public policy arguments. (*Id*. at p. 124.)

7

This court agreed with *Perry* in the context of an inmate convicted of possessing cannabis in prison under Penal Code section 4573.8, prohibiting possession of "drugs in any manner" in prison. (*People v. Whalum*, *supra*, 50 Cal.App.5th at p. 3, rev. gr.) While *Whalum* did not address issues relating to the offense at issue here (*id*. at p. 10), the panel of this court agreed with *Perry* that "Proposition 64 did not affect laws specifically directed at criminalizing the possession of cannabis as contraband in a correctional institution." (*Whalum*, at p. 5.) *Whalum* "agree[d] with *Perry*'s analysis regarding the scope of the carve out in section 11362.45, subdivision (d), and . . . accordingly conclude[d] that Proposition 64 does not affect laws, including Penal Code section 4573.8, which make it a crime to possess cannabis in a correctional institution." (*Id*. at p. 10.) According to *Whalum*, "[E]ven though Penal Code section 4573.8 criminalizes *possession* rather than *use* of drugs in a correctional institution, it is nevertheless properly described as a law 'pertaining to smoking or ingesting cannabis' in such a setting, as it is part of [a] prophylactic approach to prevent prisoners from *using* drugs." (*Id*. at p. 12.)

The issue presented by *Raybon* is presently before the California Supreme Court. (*Raybon*, *supra*, 36 Cal.App.5th 111, rev. gr.; *People v. Whalum*, *supra*, 50 Cal.App.5th 1, rev. gr.; *People v. Herrera* (2020) 52 Cal.App.5th 982, 990, review granted Oct. 14, 2020, S264339 [holding Penal Code section 4573.6, subdivision (a) is a law pertaining to smoking or ingesting cannabis in jail within the meaning of section 11362.45, subdivision (d) and thus Proposition 64 did not amend, repeal, affect, restrict or preempt the law].)

### III. *Analysis*

Smith urges us to follow *Raybon* as the better reasoned, plain meaning, interpretation of section 11362.45.  He maintains the "contrary conclusion by the *Perry* court had the effect of writing words into a statute that simply are not there" and thus *Perry* reaches an "untenable conclusion."

As we have stated, the California Supreme Court has taken up the issue.  Pending further guidance from that court, we continue to be persuaded that *Perry* and *Whalum* correctly hold that Proposition 64's decriminalization of cannabis "does not amend, repeal, affect, restrict, or preempt" "[l]aws pertaining to smoking or ingesting" cannabis in prison (§ 11362.45, subd. (d)), and possession of cannabis in prison under Penal Code section 4573.6, subdivision (a) is a "[l]aw[ ] pertaining to smoking or ingesting" cannabis in prison or jail under section 11362.45, subdivision (d). We agree with *Perry* that the broad language in section 11362.45, subdivision (d)—for "[l]aws pertaining to smoking or ingesting cannabis" in prison— encompasses possession as well as use.  Because the possession of cannabis in prison in violation of Penal Code section 4573.6 remains a felony after the passage of Proposition 64, the trial court correctly denied Smith's section 11361.8, subdivision (a) petition for recall or dismissal of his sentence.

## DISPOSITION

The order denying Smith's petition to recall or dismiss his sentence is affirmed.

O'ROURKE, J.

WE CONCUR:

McCONNELL, P. J.

AARON, J.